No. 13,689.

Foster *v.* Redding.
(45 P. [2d] 940)

Decided May 20, 1935.  Rehearing denied June 10, 1935.

Mr. HYMAN BERMAN, Mr. FRED N. HOLLAND, Mr. JOSEPH N. LILLY, for plaintiff in error.

Mr. WALTER E. SCHWED, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court. They are hereinafter referred to as Foster and Mrs. Redding respectively.

Mrs. Redding was injured while riding as a guest in Foster's automobile driven by him. Charging this as the result of Foster's intoxication and wanton and willful misconduct she brought this action for damages in the sum of approximately $8,000. On a verdict in her favor for $1,500, judgment was entered. To review that judgment Foster prosecutes this writ and asks that it be

made a supersedeas. His twenty-two assignments are grouped and argued under six headings. Of these, three only deserve consideration. In fact they embrace the others and all might properly be disposed of under two. The three are: (1) Motion to elect between causes of action should have been sustained; (2) erroneous rulings were made on instructions concerning "willful and wanton" conduct; (3) contributory negligence and assumption of risk forbade recovery.

The complaint contains two causes of action; the first based upon intoxication, the second on willful and wanton negligence. The answer denies intoxication and negligence, and alleges contributory negligence, assumption of risk, and unavoidable accident.

The statute involved, so far as here applicable, limits recovery by a nonpaying guest to damages caused by the driver's "intoxication, or by negligence consisting of a willful and wanton disregard of the rights of others." S. L. '31, p. 460, c. 118, §1.

A brief statement of facts is essential to an understanding of our conclusions. About ten o'clock p. m., the automobile in question, with Foster at the wheel, left Denver for Lookout Mountain Inn at the top of Lookout Mountain, some miles out of the city. Going and returning Mrs. Redding rode in the back seat with one Wingo, and her sister in front with the driver. These, with four others who made the trip in another car, had done some light drinking before departure, and Foster took whiskey with him. At the inn they danced and visited until about one o'clock a. m. While there, Foster continued drinking. The road in question is the ordinary smooth, wide, well surfaced, winding, and in some places precipitous, mountain highway. Foster, an experienced driver, knew it well. One of its curves is known as Windy Point, below which the road, for a short distance is straight. In rounding this curve on the return trip, Foster, with no apparent excuse save his incapacity, drove to the left, or outside of the road. After complet-

ing the turn he ran into a fence on that side, stopped, then (apparently using his accelerator by mistake instead of his brake) suddenly started again and the car shot down the embankment. It rolled several hundred feet down the hill and all the occupants were more or less injured. Mrs. Redding's injuries required five week's hospitalization. In striking the fence, which is built of two wire cables strung on stone posts, both cables and three posts were broken. The evidence contains no hint of unavoidable accident. It overwhelmingly establishes Foster's intoxication as the cause thereof and this is here practically admitted.

██ The briefs are largely devoted to a discussion of the meaning of the phrase ''willful and wanton disregard.'' It presents no serious problem. Like ''reasonable doubt'' its meaning seems so self-evident that attempts at further definition involve the risk of explaining ''what seems most clear so clearly that it seems perplexed.'' If, however, any such is justified we think all requirements have been met in *Millington v. Hiedloff*, 96 Colo. 581, 45 P. (2d) 937, this day decided. We might, however, add that our statute providing for exemplary damages uses the phrase ''wanton and *reckless* disregard.'' C. L. '21, p. 1646, §6307. In construing this we said: ''If, conscious of his conduct and existing conditions, he [defendant] knew, or should have known, that the injury would probably result, the requirements of the statute are met.'' *Clark v. Small*, 80 Colo. 227, 250 Pac. 385. The statement applies to *''willful* and wanton disregard''* as used in the statute before us. There is no material difference.

██ ██ 1. One who is willfully and wantonly negligent may not be intoxicated, but one who, sufficiently under the influence of liquor to impair his capacity as a driver, or who has just consumed intoxicants sufficient to speedily reduce him to incapacity, yet sufficiently sober to know he is undertaking a sober man's job, puts himself at the wheel of an automobile and takes the road,

is guilty of a willful and wanton disregard of the rights of all persons who ride with him or use the highway he travels. In the instant case the allegations of either count could have been proved under the other. Hence election was superfluous and failure to elect no prejudice.

2. It follows that the rulings on instructions concerning "willful and wanton disregard," as distinct from those elements involved in intoxication, though technically erroneous had the sobriety of the driver been a question of doubt, are here totally devoid of prejudice. It is therefore unnecessary to further examine these rulings, though we detect no error in them.

3. There is nothing to indicate that Foster's driving, prior to reaching Windy Point, suggested intoxication. Mrs. Redding testified that she did not theretofore know of it; and while there are inferences and suggestions from which it is argued she should have known, there is nothing to the contrary worthy the name of evidence. Hence, assuming, but not deciding, that knowledge thereof would preclude recovery, there is no support in this record for the defenses of contributory negligence or assumption of risk.

The judgment is affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE YOUNG concur.