No. 16,803.

DAMERON *v.* WEST.

(250 P. [2d] 592)

Decided November 3, 1952.   Rehearing denied November 24, 1952.

Mr. H. BERMAN, for plaintiff in error.

Messrs. HODGES, VIDAL & GOREE, Mr. JOSEPH G. HODGES, Mr. WILLIAM V. HODGES, JR., for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

DEFENDANT Dameron invited plaintiff West to accompany her from her home in Denver to Idaho Springs and be her guest at a dinner party in honor of the birthday of her son, who, with other members of the family, went in a separate car. Plaintiff was injured in an accident en route and in action brought against defendant

had favorable verdict and judgment in the trial court. It is urged that the evidence did not support the verdict and judgment in that it failed to show "negligence consisting of a wilful and wanton disregard of the rights of others," as required to establish liability under the guest statute.

There was substantial evidence to the effect that defendant overslept and was late in getting started on the journey; that she appeared to be very nervous and upset; that she drove exceedingly fast; attempted to pass other cars in heavy traffic; seemed to be aggravated by plaintiff's repeated requests to drive more carefully, and said, "If we don't get there pretty soon, everything will be eaten up before we get there." There also is substantial evidence that she drove at a speed in excess of fifty miles an hour going down a long and rather steep hill on a winding road, without use either of her foot brake or hand brake, until her car got out of control and went back and forth from one side of the road to the other, striking the guard rail on the outside twice, and ultimately crashed into the mountainside, causing the injuries to plaintiff which brought about her suit.

While this is a borderline case, we think that the jury might have found from this evidence that defendant was conscious of her speed and the existing conditions and knew or should have known that injury would probably result therefrom. As we have repeatedly said concerning driver hosts, "If, conscious of his conduct and existing conditions, he knew, or should have known, that the injury would probably result, the requirements of the statute are met." *Foster v. Redding,* 97 Colo. 4, 45 P. (2d) 940. In such case the question of liability was properly left to the jury.

Numerous other objections are made, but none deserves serious consideration.

The judgment is affirmed.

Mr. Justice Holland dissents.