No. 17,797.

VIRGIL BURRELL *v.* WARREN ANDERSON.

(295 P. [2d] 1039)

Decided April 9, 1956.

Mr. JOHN F. MUELLER, Mr. GREGORY A. MUELLER, for plaintiff in error.

Mr. DAVID B. RICHESON, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANT in error Anderson as plaintiff, filed a complaint in the district court on April 17, 1954, alleging that on February 9, 1954, defendant, while driving an automobile on Highway 40, did so in such a negligent manner as to consist of wilful and wanton disregard for the rights of others and did have an accident causing injury to plaintiff; or that defendant was intoxicated to such an extent that he was unable to drive in a proper manner. Plaintiff suffered injuries due to the accident and prayed for damages in the sum of $4,000; however, by an amended complaint he prayed for $9,600.

Defendant answered, denying liability and the material allegations of the amended complaint. Trial was had to the court on June 22, 1955; defendant's motion for dismissal at the close of plaintiff's case was denied; and at the conclusion of all the evidence, the court entered a judgment against defendant in the sum of $3,400, which is the subject of this review.

This action is under the exception clause of our so-called guest statute (C.R.S. '53, 13-9-1), which is as follows:

"No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his intoxication, or by negligence consisting of a willful and wanton disregard of the rights of others."

Defendant's motion to dismiss was upon the ground that the evidence failed to establish acts or conduct consisting of a wilful and wanton disregard for the rights of others within the meaning of the exception of liability contained in the statute. Careful consideration of the testimony convinces that this motion should have been sustained.

Plaintiff and defendant were good friends and were planning to take a hunting trip. They met at a tavern on the evening of the accident where they spent about an hour consuming some beer and, according to the testimony, no more than two drinks of whiskey. It may be said at this point that while plaintiff indirectly alleged defendant was under the influence of intoxicating liquor, his own testimony, as well as that of defendant, is clearly to the effect that defendant was sober and not at all affected by the small amount of liquor that had been consumed; therefore, the question of intoxication is not material in determining the applicability of the statute to the facts.

After plaintiff and defendant left the tavern sometime after 8:00 o'clock p.m., they started to drive a few miles to Morrison, where defendant was interested in selling or disposing of a gun. On their way defendant admittedly was driving faster than the road conditions would permit for safe driving, and while driving he was tinkering with the car radio. The estimates of the speed at which he was driving vary, but according to defendant it was no more than sixty miles per hour. There was a stop sign on the highway near a turn and plaintiff says he made

some light protest about the speed; however, defendant does not recall any such incident. Plaintiff finally relies upon the matter of excessive speed for recovery. Defendant says he did not see a curve in the road, which he failed to negotiate, thus causing the automobile to leave the highway and turn over two or three times and injuring both occupants.

There is nothing whatever in the testimony of the two eyewitnesses, plaintiff and defendant, to the effect that defendant had knowledge of the actual danger and displayed such indifference to the possible consequences as would constitute a wilful and wanton disregard of plaintiff's rights and feelings.

The testimony does not support a theory that when the two, as friends, started out on a pleasure journey, and without any warning whatever, the driver would entertain a desire to injure an admitted good friend who was riding with him, or with knowledge that he was approaching a dangerous situation without concern for his own life, as well as that of his guest. The most that can be made of all of the testimony in this case is that defendant was guilty of simple negligence which plaintiff assumed when he embarked upon the pleasure trip with defendant. The negligence here involved was the result of a passive mind and not the result of active and purposeful intent. This situation was ably treated in the case of *Pettingell v. Moede,* 129 Colo. 484, 271 P. (2d) 1038, wherein Mr. Justice Clark aptly stated: "* * *. For the purpose of properly construing this statute, ordinary or simple negligence should be considered as resulting from a passive mind, while a willful and wanton disregard expresses the thought that the action of which complaint is made was the result of an active and purposeful intent. Willful action means voluntary; by choice; intentional; purposeful. Wantonness signifies an even higher degree of culpability in that it is wholly disregardful of the rights, feelings and safety of others. It may, at times, even imply an element of evil. * * *."

■ Plaintiff states that he did not believe defendant saw the stop sign and he knew defendant to be a competent and careful driver. This negatives any inference of active or purposeful intent, and does not show that under plaintiff's theory of the case, defendant was conscious of the surrounding circumstances and conditions, or that his conduct would likely result in injury to himself as well as his guest. In the absence of the slightest support in the record that the action of defendant was willful in the sense that it was conscious and voluntary, then it must be said that there was nothing more than simple negligence involved. This does not carry plaintiff's case to the point of a recovery under the so-called guest statute involved.

In accordance with the views herein expressed the judgment is reversed and the cause remanded with directions to dismiss the case.