No. 18,311.

NAON HENNIGAR *v.* LYNN O. VAN EVERY.
(337 P. [2d] 7)

Decided March 23, 1959.

Mr. DAVID B. RICHESON, for plaintiff in error.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiff in error was plaintiff and defendant in error was defendant. We shall refer to the parties as they there appeared, or by name.

Plaintiff brought this action to recover damages for the alleged wrongful death of her husband resulting from an automobile accident. It is conceded that plaintiff's husband was a guest in defendant's 1951 Cadillac automobile at the time he met his death on November 4, 1956. Defendant's answer set up the guest statute, C.R.S. '53, 13-9-1, and other defenses, not here urged. At the close of all the testimony in the case the trial court directed a verdict in favor of defendant, and plaintiff is here on writ of error seeking reversal.

As pertinent to the only question presented here for determination the evidence discloses that on the night of November 4, 1956, defendant Van Every, with plaintiff's husband as a guest in his automobile, was driving north on Wadsworth Avenue. The night was dark and the road was dry. While proceeding north as aforesaid, at a speed of at least 45 miles per hour according to defendant's testimony; at a speed of 50 miles per hour according to his statement to the Courtesy Patrolman, and at a rate of 60 miles per hour as estimated by another witness, defendant admitted that he observed two warning signs along the highway. The first was a standard yellow and black highway warning sign reading "One Lane Bridge." The bridge referred to was a distance of 827 feet north of this sign. Defendant did not slacken his speed, and at 640 feet from the end of the bridge he observed another sign four feet high and six feet wide,

reading "Warning" in large red letters and "Speed Limit 15 Miles Across Bridge" in black letters. The bridge in question was 100 feet long. Defendant still did not reduce his speed upon noting these signs, though he stated that he removed his foot from the accelerator, nor did he apply his brakes upon seeing traffic approaching the bridge from the north. He testified that he thought a truck approaching from the north had stopped and was waiting for him to cross the bridge, so he "rolled on over." Defendant's car struck the right railing or bannister of the bridge near the south end and continued its forward progress another 85 feet to a point within approximately 15 feet of the north end of the bridge, careened on across the bridge where it struck the front of a pickup truck driven by one Ratliff, and overturned on the bridge. Ratliff testified that he saw defendant's car coming north, stopped his truck and was about to back off the bridge when defendant's car struck the truck, turned over, throwing plaintiff's husband therefrom and resulting in his death.

▮ Under C.R.S. '53, 13-9-1, the burden was upon plaintiff to prove willful and wanton disregard of the rights of others on the part of defendant, to permit the submission of her case to the jury.

The question to be determined is whether the evidence, viewed in a light most favorable to plaintiff, presented facts and circumstances which the jury under proper instructions might find the defendant guilty of a willful and wanton disregard of the rights and safety of the deceased guest.

▮ It is argued that mere excessive speed is insufficient to constitute such willful and wanton disregard. In support of this we are cited to *Burrell v. Anderson,* 133 Colo. 386, 295 P. (2d) 1039, where defendant was traveling at a speed of not to exceed 60 miles per hour when his car failed to negotiate a curve which defendant said he did not see. It was there said: "There is nothing whatever in the testimony of the two eye witnesses,

plaintiff and defendant, to the effect defendant had knowledge of the actual danger and displayed such indifference to the possible consequences as would constitute a willful and wanton disregard of plaintiff's rights and feelings. * * * The negligence here involved was the result of a passive mind and not the result of actual and purposeful intent." The instant case differs from the Burrell case. Here the danger was obvious and defendant admits that he had actual knowledge thereof from the two warning signs and the oncoming traffic. Notwithstanding these facts and in disregard of the warning he purposely continued on his course, resulting in disaster.

■ The applicable rule is stated in *Parker v. Denver,* 128 Colo. 355, 262 P. (2d) 553, as follows: " * * * where the evidence on material facts is in conflict, or in the event there are undisputed facts [as in the instant case] upon which fair-minded men may form different opinions and draw different conclusions or inferences, then the question of negligence is one for determination by a jury."

"We have said concerning driver hosts; that if conscious of his conduct and existing conditions he knew that injury would probably result, the requirements of the statutes are met. *Foster v. Redding,* 97 Colo. 4, 45 P. (2d) 940; *Dameron v. West,* 126 Colo. 435, 250 P. (2d) 592. The question of liability in this case was properly left to the jury." *Gravitt v. Sloggett,* 132 Colo. 254, 287 P. (2d) 274.

In *Clark v. Hicks,* 127 Colo. 25, 252 P. (2d) 1067, we said: "Whatever the speed of the Clark car, the consequent results clearly demonstrate that it was excessive and beyond the driver's control. His deliberate and conscious conduct, as disclosed by the record, was in violation of the road sign and the yellow markings on the highway. 'Willful acts and omissions are conscious acts and omissions.' *Millington v. Hiedloff,* 96 Colo. 581, 45 P. (2d) 937. Under the rule announced in *Jaeckel v.*

*Funk,* 111 Colo. 179, 138 P. (2d) 939, and our recent pronouncement in *Dameron v. West,* the trial court did not err in submitting the case to the jury. * * *."

"Speed may under some circumstances, indicate in and of itself a reckless disregard and indifference to the consequences that may ensue to the guest in an automobile. * * *.

"In the instant case, defendant knowingly was flirting with danger without necessity compelling him to take the chance. Here, on a dark night, while driving his car at a high rate of speed, he attempted to pass a slow moving truck on an ungrade, drove his car off on the wrong side of the road, ran off the road, came back upon it while traveling on two wheels, turned his car over and slid into the Webster car all due to 'taking a chance' and flirting with danger when there was no occasion to do so."

In *Dameron v. West,* supra, it was said: "There also is substantial evidence that she [defendant] drove at a speed in excess of fifty miles an hour going down a long and rather steep hill on a winding road, without use either of her foot brake or hand brake, until her car got out of control and went back and forth from one side of the road to the other, striking the guard rail on the outside twice, and ultimately crashed into the mountainside, causing the injuries to plaintiff which brought about her suit.

" * * * we think that the jury might have found from this evidence that defendant was conscious of her speed and the existing conditions and knew or should have known that injury would probably result therefrom. As we have repeatedly said concerning driver hosts, 'If, conscious of his conduct and existing conditions, he knew, or should have known, that the injury would probably result, the requirements of the statute are met.' *Foster v. Redding,* 97 Colo. 4, 45 P. (2d) 940. In such case the question of liability was properly left to the jury."

■ Here defendant was traveling at a high rate of speed down a dark and unfamiliar road. He ignored signs which warned him of a dangerous road condition ahead and disregarded oncoming traffic, and, as he testified "rolled on over" a one lane bridge without reducing his speed, in face of the admitted fact that at least one other car was approaching from the opposite direction.

When defendant passed the two warning signs and paid no heed to the admonition they conveyed to him and all other motorists along the highway; he was "flirting with danger when there was no occasion to do so."

These facts and circumstances we feel are sufficient to authorize a jury to return a verdict for the plaintiff. The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

MR. JUSTICE DOYLE not participating.