No. 21363.

NORMA JEAN ADAIR *v.* VIOLET M. HUTTON AND
RICHARD HUTTON.
(428 P.2d 911)

Decided April 17, 1967.     Rehearing denied July 17, 1967.

PAUL BARBER, MAYNE MILLER, for plaintiff in error.

YEGGE, HALL, TREECE & EVANS, RAYMOND J. CONNELL,
for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

PLAINTIFF in error was plaintiff in the trial court. She was a passenger in a car driven by the son of the defendants in error when the car in which she was riding went out of control, crashed, and resulted in injuries to her and the death of the driver.

The evidence presented brought the case unmistakably under the "guest statute" (C.R.S. 1963, 13-9-1). At the conclusion of the plaintiff's case, which was tried before a jury, the trial judge directed a verdict in favor of the defendants and nonsuited the plaintiff.

The sole question presented by this writ of error is whether the evidence was such that, viewing it in the light most favorable to the plaintiff, it presented a jury question as to whether the defendants' son drove in such a manner as to constitute willful and wanton disregard for the safety of the plaintiff.

For a full discussion of the type of evidence required to recover damages under the guest statute, see *Pettingell v. Moede*, 129 Colo. 484, 271 P.2d 1038.

We have carefully read the transcript and find there was little conflict in the evidence adduced at the trial. The plaintiff was the sole survivor of the accident. Her own testimony, straightforwardly given, does not depict such negligent conduct on the part of the youthful driver that it would amount to the wantonness, heedlessness and recklessness required to be shown.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES concur.