No. 22001.

KEITH W. SHELDON AND BRUCE WINNETT SHELDON *v.* KAYLE HIGINBOTHAM, A MINOR, BY MARION E. HIGINBOTHAM AND LEONARD M. HIGINBOTHAM, HER MOTHER AND FATHER; AND MARION E. HIGINBOTHAM AND LEONARD M. HIGINBOTHAM, INDIVIDUALLY.

(444 P.2d 272)

Decided July 29, 1968.

Rector and Kane, for plaintiffs in error.

F. Richard Hite, for defendants in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

This is a guest statute case and stems from a summer picnic attended by a group of fun-loving high school students, but which unfortunately ended in tragedy. The crucial issues which we are now called upon to review

concern the sufficiency of the evidence as regards willful and wanton misconduct on the part of one Bruce Sheldon and the correctness of certain instructions given the jury.

In attempting to negotiate a left-hand turn at the intersection of Constellation Road and Taurus Drive in El Paso County, Bruce Sheldon at about 11:30 P.M. on a cool summer's evening overturned what was described as a "1962 Willys Jeep, canvas top, doors and back removed." At the time there were eight persons riding in the jeep and all were returning from a mountain picnic. Four persons were riding in the front seat, with the other passengers seated in the rear seat. Kayle Higinbotham was one of the four passengers in the front seat and she was ensconced on the lap of her date on the right-hand side of the seat. When the jeep overturned Kayle was thrown out on the roadway and as the jeep "plopped" on its side, Kayle was pinned beneath the vehicle.

Based on this incident, Kayle Higinbotham and her parents brought an action for damages against Bruce Sheldon and his father, alleging that Kayle was a guest in the Sheldon vehicle and that as a result of Bruce Sheldon's gross negligence consisting of a willful and wanton disregard of Kayle's rights, Kayle sustained serious and permanent injuries.

In their answer the Sheldons denied gross negligence on the part of Bruce and affirmatively alleged sole and contributory negligence on the part of Kayle Higinbotham. Trial by jury culminated in a verdict in favor of Kayle Higinbotham in the sum of $18,000 and in favor of her parents, on their separate claim, in the sum of $2,750. Judgments in conformity with these verdicts were duly entered, and by writ of error the Sheldons now seek a reversal thereof.

Kayle Higinbotham will hereinafter be referred to as the plaintiff; whereas the one defendant Bruce Sheldon will be referred to as the defendant. It is agreed that if defendant, i.e., Bruce Sheldon, is liable to the

plaintiff, then his father is also liable under the family car doctrine.

The defendant argues here that the judgments should be reversed for any one of some eight different reasons. In our view, however, the principal issue concerns the sufficiency of the evidence as relates to so-called gross negligence on the part of the defendant. In this regard the defendant contends that the evidence was legally insufficient to carry the case to the jury and that the trial court erred in refusing to grant his motion for a directed verdict.

Plaintiff's evidence showed that Constellation Road is 21 feet wide and it was described as a gravel topped "country road which intersects with Taurus Drive at more-or-less a right angle." A "stop" sign directed all traffic proceeding on Constellation to "stop" before entering Taurus Drive. As concerns Taurus Drive, it was described as a "public thoroughfare" 34 feet in width and having a "hard surface." Additionally, there was a rather "steep downhill grade" on Constellation Road as it neared Taurus Drive.

The evidence viewed in a light most favorable to the plaintiff showed that the defendant drove his father's jeep "down" Constellation Road toward the intersection of that road with Taurus Drive at a speed of about 30-35 miles per hour. There were seven passengers in the jeep and there was testimony that at least two of the passengers remonstrated with the defendant over his driving. He was told to "slow down," but the testimony was that he did not. Even more specifically, the plaintiff's "date" testified that he not only told the defendant to slow down, but that after the defendant did not slow down he further advised the defendant that he and the plaintiff desired to get out "at the next corner" and would catch a ride with another vehicle also filled with returning picnickers which was closely following the defendant's jeep down the mountain. The testimony was that despite these warnings defendant continued to drive

"too fast," that he ran the aforementioned stop sign and overturned the jeep while attempting to make a left-hand turn into Taurus Drive.

The general rule is that where reasonable minds might differ on the question of whether the defendant in a given case is guilty of only simple negligence, or of the wanton and willful conduct necessary to fix liability under the guest statute, the issue should be submitted to the jury and should not be resolved by the trial court as a matter of law. *Parker v. Foxworthy,* 154 Colo. 455, 391 P.2d 358. We hold that in the instant case the matter was properly submitted to the jury and that the trial court did not err in refusing to direct a verdict for the defendant. The plaintiff's evidence showed that the defendant was driving an "overloaded" jeep down a steep grade at a relatively high rate of speed; that despite repeated warnings to slow down he failed to do so; that he then ran a stop sign and proceeded to overturn the jeep while he attempted to make a left-hand turn at too high a rate of speed. Reasonable minds might differ as to whether this conduct evidenced a "willful and wanton disregard of the rights of others." Certainly an important factor in the instant case is the testimony that the defendant was twice warned that he was driving much too fast and that he disregarded these warnings and did not slow down. Under all of the circumstances, then, we conclude that this issue was one properly to be resolved by the jury, and not the trial court.

Though *Dameron v. West,* 126 Colo. 435, 250 P.2d 592 is admittedly not on all fours, it does nonetheless present a somewhat similar factual situation. There the defendant driver was driving down a long and rather steep hill at too high a rate of speed and continued to do so even though the plaintiff passenger remonstrated about her driving. On review we were called upon to determine whether the trial court erred in submitting to the jury the issue as to whether the defendant was guilty of negligence consisting of a willful and wanton dis-

regard of the rights of others. Describing it as a "border-line" case, we nonetheless held that this issue was properly submitted to the jury. See also *Hennigar v. Van Every,* 139 Colo. 144, 337 P.2d 7.

The defendant also contends that the trial court erred in refusing to give five instructions which he tendered, and also erred in giving some eight instructions to which he made objection. The principal objection in this regard concerns the fact that the trial court gave the so-called "stock" instruction defining negligence. Plaintiff attempts to counter this particular argument by arguing that a consideration of the instructions as a whole indicates quite clearly that the jury was not in any manner misled and on the contrary clearly understood that before the plaintiff could recover she had to establish that the defendant was guilty of negligence consisting of a willful and wanton disregard of the rights of others. Plaintiff also points out that the defendant charged her with both contributory negligence as well as sole negligence, and that such being the case it was proper for the trial court, which somehow felt that there was evidence of negligence on the part of the plaintiff, to instruct the jury on contributory negligence as well as to define negligence.

In any event, as we stated in *Pettingell v. Moede,* 129 Colo. 484, 271 P.2d 1038, if trial courts "persist" in defining simple negligence in a guest statute case, "extreme care and caution" must be exercised to make it quite clear that negligence alone is not sufficient to allow recovery under the guest statute. Was such "care and caution" exercised in the instant case? We conclude that it was.

The jury was specifically and categorically instructed that plaintiff was a "guest" in defendant's jeep "within the meaning of the Colorado statutes." Then by separate instruction the jury in the words of the guest statute (C.R.S. 1963, 13-9-1) was advised and instructed that *no* person who is a *guest* in a motor vehicle has a cause

of action against the owner or operator *unless* the accident was caused by the operator's "negligence consisting of a willful and wanton disregard of the rights of others." Other instructions were given which defined willful and wanton misconduct.

After examining the instructions as a whole we conclude that the jury was adequately advised and instructed that plaintiff could recover if, and only if, the defendant be deemed guilty of "negligence consisting of a willful and wanton disregard of the rights of others." Defendant's other objections to the instructions have been considered and are deemed to be without merit.

Defendant's remaining grounds for reversing these judgments relate to the admissibility of certain testimony, the propriety of permitting the jury to view the scene of the accident, permitting certain cross-examination of one of defendant's witnesses which was claimed to be outside the scope of the direct examination, and the refusal of the trial court to grant a mistrial after improper comment by one of plaintiff's counsel in the presence of the jury. These have all been considered and none is deemed to be of such consequence as to require a retrial of the matter.

The judgment is affirmed.

Mr. Justice Day and Mr. Justice Kelley not participating.