No. 24520.

JOEL A. COFFMAN $v$. ALBERT E. SEIFERT.
(486 P.2d 422)

Decided June 28, 1971.

CARROLL & BRADLEY, P.C., JOHN S. CARROLL, for plaintiff in error.

WILLIAMS, ERICKSON & WALLACE, P.C., WAYNE D. WILLIAMS, R. NEIL QUIGLEY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

THE parties to this writ of error will be referred to as they appeared in the trial court. The plaintiff, Joel A. Coffman, brought suit to recover damages for personal injuries which he suffered in an automobile collision. At the conclusion of the plaintiff's case, the trial court sustained the defendant's motion for a directed verdict, and from that ruling, the plaintiff prosecutes this writ of error.

The only issue is whether the facts in this case bar recovery under the guest statute. C.R.S. 1963, 13-9-1. The plaintiff and his father, Melvin C. Coffman, were the owners of the MCA Construction Company, which was managed by the plaintiff and had its office at 500 Lincoln Street in Denver. The Colorado Polytechnic College, a non-profit, private educational institution, occupies space in the same building. Melvin C. Coffman was the president of the Colorado Polytechnic College and was a consultant for the MCA Construction Company. The plaintiff's mother was a secretary for Colorado Polytechnic College. Albert E. Seifert, the defendant in the trial court, was a registrar for the Colorado Poly-

technic College, and his duties embraced, among other things, writing letters for the college.

On the morning that the collision ocurred, Seifert wrote a series of letters for the college and planned to mail the letters at the post office. He asked Joel Coffman to go to lunch with him. At approximately the same time, the plaintiff's mother gave the plaintiff a package to mail for the college. The mailing was accomplished, and the parties then were driving towards a place to have lunch. While the parties were on their way to lunch, the accident occurred. Seifert's Renault, which provided the transportation for the parties, was sluggish and was being propelled by only three of its four cylinders. While proceeding south on Broadway, Seifert attempted to turn left at Alameda Avenue and failed to honor a red traffic light and a no-left-turn sign and ran into another vehicle. Seifert had commenced his turn and had tried to turn back into Broadway traffic when the collision occurred.

The applicability of the guest statute depends upon the particular facts in this case. Coffman contends that he was not a guest within the terms of the statute because the accident occurred as an incident to Seifert's trip to the post office on Colorado Polytechnic College business and while he was mailing a package for the college at the request of his mother.

 The plaintiff readily admits that he had no connection with the college and was not responsible for mailing anything on behalf of the college. The trial court found that there was nothing to establish a joint enterprise, and we agree. The evidence which was offered to support a joint enterprise was fragmentary and would not establish a joint enterprise under the test we laid down in *Klatka v. Barker,* 124 Colo. 588, 239 P.2d 607 (1951), when we said:

"The benefit conferred on the owner or operator of the car must be sufficiently real, tangible and substantial to serve as the inducing cause for the transportation.

. . . .
"[T]o take a person riding with another out of the guest class two requirements are necessary: (1) an actual or potential benefit in a material or business sense resulting or to result to the owner, and (2) that the transportation be motivated by the expectation of such benefit."

*Accord, Folkers v. Brohardt,* 142 Colo. 407, 352 P.2d 792 (1960). Here, as in both the *Klatka* and *Folkers* cases, there is no business benefit that can be attributed to Seifert as the motivating cause for providing transportation to Coffman and for Coffman's presence in the vehicle.

▮ In offering a second reason for reversal, the plaintiff urges us to find that Seifert's negligence consisted of a willful and wanton disregard of the rights of the plaintiff. Apart from the conflicts in the evidence, it is clear that the defendant, Seifert, violated several traffic ordinances and was negligent. He failed to stop for a red light and attempted to turn left in spite of a no-left-turn sign. He also was driving a Renault that was sluggish and operating on only three of its four cylinders. Although the defendant, Seifert, was negligent, his negligence did not rise to that level which would identify the conduct as a willful and wanton disregard of the rights of others. In *Pettingell v. Moede,* 129 Colo. 484, 271 P.2d 1038 (1954), we said:

"Under the guest statute, the facts must show more than negligence. To willfully and wantonly disregard the rights of others requires a consciousness of heedless and reckless conduct by which the safety of others is endangered. . . .

"The demarcation between ordinary negligence, and willful and wanton disregard, is that in the latter the actor was fully aware of the danger and should have realized its probable consequences, yet deliberately avoided all precaution to prevent disaster. A failure to act in prevention of accident is but simple negligence;

a mentally active restraint from such action is willful. Omitting to weigh consequences is simple negligence; refusing to weigh them is willful. Performance of a dangerous act willfully, under certain circumstances, as in an emergency, is permissible, and will not subject the actor to liability even under the guest statute; hence, it is provided that to be actionable under that statute the conduct of the driver of the vehicle must be both willful and wanton, because a wanton act is never excusable."

*Accord, Coffman v. Godsoe,* 142 Colo. 575, 351 P.2d 808 (1960); *Burrell v. Anderson,* 133 Colo. 386, 295 P.2d 1039 (1956); *Eberle v. Hungerford,* 130 Colo. 167, 274 P.2d 93 (1954).

An analysis of the facts, in the light of the *Pettingell* case, causes us to conclude that the trial court did not commit error in determining that the defendant's conduct did not amount to a willful and wanton disregard of the rights of others.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.