506 P.2d 1240 (1972)
James CAIN and Charles Barber, Plaintiffs-Appellees,
v.
Landis WILSON, Defendant-Appellant.
No. 72-006.
Colorado Court of Appeals, Div. I.
December 27, 1972.
Rehearing Denied January 16, 1973.
Certiorari Denied March 19, 1973.
Sherman, Quinn & Sherman, Joseph R. Quinn, Denver, for plaintiffs-appellees.
Long, Jaudon & Johnson, Frank L. McGuane, Jr., Denver, for defendant-appellant.
Not Selected for Official Publication.
*1241 DWYER, Judge.
Plaintiffs brought this action for damages for personal injuries they sustained while riding as passengers in a pickup truck operated by defendant. Allegedly because of defendant's negligence consisting of a willful and wanton disregard of the safety of others, the vehicle left the highway, known as the Boulder Canyon Road, and overturned into a creek. Following a jury trial, a verdict was returned in favor of the plaintiffs assessing Cain's damages in the amount of $15,000 and Barber's damages in the amount of $6,000. Defendant has appealed the judgment entered on the verdict. We affirm.
The accident occurred in Boulder Canyon on Colorado Highway No. 119 at approximately 8:00 p. m. on January 10, 1970. The plaintiffs and defendant were employees of James' Carpet Service in Boulder, Colorado. The defendant had driven the plaintiffs to a carpet laying job in Nederland, Colorado, in a pickup truck owned by him. They finished the job at about 3:00 p. m. and then drove to Lake Eldora to watch the skiers. After about one-half hour, they left and drove to a restaurant in Nederland. The plaintiffs then drove to the Moose Lodge which is located about three miles west of Boulder on Colorado Highway No. 119. The parties remained at the Lodge until about 8:00 p. m. when they left in order to return to Boulder.
The accident occurred on the return trip as the defendant drove his pickup down the Boulder Canyon Road which is a winding highway with a slight grade. Traffic on the highway was light, and the surface of the road was dry. In the area of the accident, there are no street lights. Defendant encountered a sharp curve which he was unable to negotiate. The pickup truck went into a skid leaving approximately 345 feet of skid marks on the highway before going onto the shoulder of the road for approximately 48 feet. The truck then went over the embankment and overturned in the creek.
The posted speed limit in the area of the accident was 35 m. p. h. The defendant admitted that he knew the speed limit and admitted that he was exceeding the speed limit by approximately 15 m. p. h. immediately before the accident. Plaintiff Barber testified that defendant, for some time prior to the accident, had been driving at the speed limit, but, immediately before the accident, he accelerated the truck to a speed between 70 and 75 m. p. h. The investigating officer testified that in his opinion the defendant's vehicle "was in excess of 50 m. p. h. at the time of the accident."
Defendant admitted that he knew that the steering mechanism of the truck was not operating properly and that there was some "play" in the steering. Plaintiff Cain testified that immediately before the truck went into the skid defendant shouted that he could not turn the wheels of the truck.
The trial court ruled as a matter of law that this action is one within the purview of C.R.S.1963, 13-9-1, commonly referred to as the guest statute. There was no evidence that the defendant intentionally caused the accident or that he was intoxicated. The plaintiffs, to establish defendant's liability, had the burden of proving that defendant's conduct constituted negligence consisting of a willful and wanton disregard of the plaintiffs' rights. Defendant contends that plaintiffs' evidence was insufficient as a matter of law to establish his liability under the guest statute and that he was entitled to a directed verdict.
Defendant argues that the only evidence of negligence is that he was speeding. Although our Supreme Court has stated that evidence of speed alone is insufficient to establish willful and wanton negligence, it has also held that, where there is evidence both of excessive speed and of additional dangerous circumstances, the evidence, when considered as a whole, may justify the conclusion that defendant was guilty of willful and wanton negligence. Steeves v. Smiley, 144 Colo. 5, 354 P.2d 1011; Clark v. Hicks, 127 Colo. 25, 252 P.2d 1067. The operation of an automobile *1242 at excessive speed where the driver has knowledge of a defect in the vehicle presents an issue for resolution by the jury as to whether the defendant's conduct constitutes willful and wanton negligence. Webster v. Kemp, 164 So.2d 814 (Fla.). See Annot., 6 A.L.R.3d 769. Here there is evidence that the defendant was driving a vehicle which he knew to be defective on a dark, winding downhill road at an excessive rate of speed. The jury could properly conclude from this evidence that the defendant was conscious of the danger to the plaintiffs in driving as he did but that he nonetheless pursued a hazardous course of conduct in willful and wanton disregard of plaintiffs' safety. The court properly denied defendant's motion for directed verdict and properly submitted the case to the jury.
Defendant contends that he is entitled to a new trial because of errors in the court's instructions to the jury. The court, in instructions to the jury, defined willful and wanton negligence using the exact language of Colorado Jury Instructions 11:16:
"Negligence consisting of willful and wanton disregard of the rights of others is an act purposefully committed, which the operator knew was dangerous to others and which he nonetheless performed heedlessly and recklessly, without regard to the consequences and rights and safety of others.
"Passive inattention to one's conduct and actions does not constitute a willful and wanton disregard of the rights and safety of others."
This instruction was prepared by the Colorado Supreme Court Committee on Civil Jury Instructions. It is based on a number of Colorado Supreme Court decisions. See, e. g., Graham v. Shilling, 133 Colo. 5, 291 P.2d 396; Pettingell v. Moede, 129 Colo. 484, 271 P.2d 1038; Helgoth v. Foxhoven, 125 Colo. 446, 244 P.2d 886. It is also supported by the recent case of Brown v. Spain, 171 Colo. 205, 466 P.2d 462.
The defendant argues that the court's instruction is an incorrect and inadequate statement of the law in that it requires a substantially lower degree of culpability on the part of the defendant for a finding of willful and wanton negligence than is actually required by existing case law. We reject this contention and approve the instruction as given by the court.
The defendant argues that the court erroneously rejected his tendered instruction defining simple negligence. He argues that the instruction was necessary in order that the jury could clearly understand the distinction between simple negligence and negligence consisting of willful and wanton disregard of the rights of others. Defendant concedes that the "Notes on Use" following Colorado Jury Instructions 11:16, state that: "No separate instruction on simple negligence should be given in a guest case unless there is a dispute as to whether the plaintiff was a guest." Defendant argues, however, that the direction not to instruct on simple negligence is in error and should be changed. We do not agree with defendant's contention. Instructing on simple negligence in a case where the guest statute is applicable might tend to mislead or confuse the jury, and such an instruction should not be given. See Pettingell v. Moede, supra; Sheldon v. Higinbotham, 166 Colo. 387, 444 P. 2d 272. Defendant's other objections to the instructions given by the court have been examined and found to be without merit.
On voir dire examination, counsel for plaintiff was permitted by the court to inquire concerning insurance by propounding the following question:
"Are any of you an officer, director, stockholder, agent or employee of [a specific insurance company indemnifying defendant]."
Defendant contended at the trial that this was an improper question. Prior to the voir dire examination, defendant moved the court for an order directing plaintiffs' counsel not to name the specific company insuring defendant when conducting the voir dire examination. Defendant contends that the effect of the question asked *1243 by plaintiffs' counsel is to inform the jurors that the defendant is insured by a particular company. He concedes that the plaintiff is entitled to know if any juror has an interest in defendant's insurance company but contends that such information can be obtained without identifying the company.
Our Supreme Court has approved questions on voir dire which ask jurors if they have an interest in a specific company. Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185; Edwards v. Quackenbush, 112 Colo. 337, 149 P.2d 809; Rains v. Rains, 97 Colo. 19, 46 P.2d 740. This court has recently approved such a question. Oglesby v. Conger, Colorado Court of Appeals, Announced December 12, 1972, ___ Colo.App. ___, 507 P.2d 883; DeMott v. Smith, 29 Colo.App. 531, 486 P.2d 451. On the basis of these cases, we hold that the question asked by plaintiffs' counsel was not impermissibly prejudicial and that the court properly allowed the question.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.