14

## No. 26323

**Richard E. Drake, a minor, by and through his parents and next of kin, Eugene Drake and Carol Drake, and Eugene Drake and Carol Drake, individually v. Richard Theodore Albeke**

(532 P.2d 335)

Decided March 3, 1975.

Blunk, Johnson & Allspach, Howard G. Allspach, for plaintiffs-appellants.

Wood, Ris & Hames, William K. Ris, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The parties to this appeal will be referred to as they appeared in the trial court. Richard E. Drake, the plaintiff herein, a minor, brought suit by and through his parents to recover damages for personal injuries sustained when the automobile in which he was riding was involved in a single car accident. The plaintiff's parents also joined the suit individually seeking to recover expenses incurred during their son's hospitalization. At the conclusion of the plaintiffs' case, the trial court, on defendant's motion, entered a directed verdict. It is from this order that the plaintiffs appeal. We affirm.

The issues presented by the plaintiffs concern the constitutionality of the Colorado Guest Statute and alternatively whether the facts of the instant case fall within the purview of this statute. C.R.S. 1963, 13-9-1.[1] The facts presented to the trial court were for the most part undisputed. Both the plaintiff and the defendant, Richard T. Albeke, were students residing in and attending college in Grand Junction.

On the night of April 15, 1972, the parties had mutually decided to drive a borrowed automobile from Grand Junction to Fruita by way of Monument National Park. It was agreed that the defendant would drive to Fruita and the plaintiff would drive on the return trip. From the record it appears that both parties had consumed some quantity of alcoholic beverages prior to the outset of the trip. However, the evidence indicates, and the trial court so found, that the defendant was not intoxicated during the period prior to the accident.

The automobile was being driven to Fruita for the stated purpose of testing its performance capabilities. The defendant, by his own admission, had been driving the car at an excessive rate of speed. Despite this and one instance when the defendant lost control of the car, the plaintiff did not protest the manner in which the defendant was driving.

The accident occurred when the defendant failed to negotiate a particular curve and hit a guardrail. The automobile veered off the road coming to rest 35 feet down a 45-degree enbankment. At

[1]42-9-101, C.R.S. 1973.

this point the parties were uninjured. A discussion transpired between the parties as to means of extricating themselves from the situation. The defendant testified that he was in favor of leaving the car while the plaintiff felt it best to let the car roll down the hill to what appeared to be a flat area. The defendant decided in favor of the latter procedure, but once the car was allowed to roll forward on the loose gravel and rock surface, it was impossible to control. As it rolled down the incline, the automobile gathered speed and eventually flipped over throwing both parties from the passenger compartment.

The plaintiff sustained numerous injuries for which he seeks recovery in this suit. After the presentation of the plaintiff's case, the trial court granted the defendant's motion for a directed verdict. The trial court's order was based on the Colorado Guest Statute and its finding that the defendant's conduct was not willful and wanton. The trial court also made findings to the effect that the plaintiff assumed the risk and that the defendant's actions in driving the car were not the proximate cause of the plaintiff's injuries. The plaintiffs have taken this appeal challenging the constitutionality of the Colorado Guest Statute and also alleging that the trial court erred in making its findings. We find these arguments to be without merit.

## I.

■ The plaintiffs contend that the Colorado Guest Statute violates the equal protection guaranties of the constitutions of the United States and the State of Colorado. U.S. Const. amend XIV; Colo. Const. Art. II, Sec. 6 and 15. This argument was first considered at length and rejected by this court in *Vogts v. Guerrette,* 142 Colo. 527, 351 P.2d 851 (1960), and again rejected in *Richardson v. Hansen,* 186 Colo. 346, 527 P.2d 536 (1974). We are not prepared at this time to deviate from such firmly established precedent.

## II.

As a second basis of appeal, the plaintiffs have assigned error to all three of the findings made by the trial court when granting the defendant's motion for a directed verdict. Each of these findings standing alone would constitute a defense to the plaintiffs' action. Hence, it is unnecessary to consider each assignment of error since disposition of any one is sufficient to affirm the trial

court's order. With respect to the finding that the defendant's conduct was not of such a magnitude as to be deemed willful and wanton, we stated in *Millington v. Hiedloff,* 96 Colo. 581, 45 P.2d 937 (1935) that:

"Willful acts and omissions are conscious acts and omissions; acts and omissions, the possible consequences of which are considered and weighed and present in the mind. To be also wanton acts and omissions they must be of such character or done in such manner or under such circumstances as to indicate that a person of ordinary intelligence actuated by a normal and natural concern for the welfare and safety of his fellow men who might be affected by them could not be guilty of them unless wholly indifferent to their probable injurious effect or consequences."

Our view of the facts as set against this definition leads to the conclusion that the trial court did not err in finding that the defendant's actions did not constitute a willful and wanton disregard of the rights of another. A directed verdict under such circumstances is entirely proper. *Coffman v. Seifert,* 175 Colo. 224, 486 P.2d 422 (1971); *Adair v. Hutton,* 162 Colo. 374, 428 P.2d 911 (1967).

The judgment is affirmed.

MR. JUSTICE LEE does not participate.