## No. 19,457.

CALVIN NORTON *v.* DARTMOUTH SKIS, INCORPORATED.
(364 P. [2d] 866)

Decided August 14, 1961. On rehearing October 2, 1961, opinion modified and as modified adhered to.

Mr. JOHN T. DUGAN, for plaintiff in error.

Messrs. HOLME, ROBERTS, MORE & OWEN, Mr. ROGER C. COHEN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THE parties are here in the same order as in the trial court, and we will refer to them as they there appeared.

Plaintiff brought suit to recover a sum of money alleged to be due him as commissions on sales made in mid-year 1952. The complaint was filed in March 1959, admittedly more than six years after the cause of action accrued. By answer the defendant alleged as an affirmative defense that the action was barred by the six-year statute of limitations. By reply plaintiff alleged that defendant was a foreign corporation not licensed to do business in this state, was absent therefrom during the ensuing seven years, and that the statute has been tolled. With the deposition of plaintiff showing July 1952 as the date his alleged services were completed and establishing the period when the cause of action accrued, defendant filed a motion for summary judgment supported by an affidavit of the president of the defendant company as to the method of doing business in Colorado. The counter affidavit filed by plaintiff was limited to his claim for commissions and left uncontroverted the facts showing Dartmouth's method of doing business in the state. With the pleadings, deposition and affidavit before it, the court granted the motion for summary judgment and dismissed the action on the ground, among others, that it was barred by the statute of limitations. Plaintiff contends that the question of tolling of the statute of limitations presents a genuine issue of fact and that a ruling thereon by summary judgment is error.

With this contention we cannot agree. By the affidavit filed in support of the motion for summary judgment as provided in Rule 56, Colorado R.C.P., the court had such facts before it as to enable it to determine whether the defendant was present in the state for the purposes of service. The affidavit complied with Rule 56 (e), R.C.P. Colo., which provides in part that " * * * shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * "

In the uncontroverted affidavit defendant's presence in

Colorado was shown by the following facts: That Dartmouth Skis has been selling skiing equipment in Colorado through local salesmen continuously since 1937; that sales are made through a salesman who carries samples and a catalog of Dartmouth Skis' line of merchandise; that customer orders may be given to the salesman for transmission to the company; that the salesman expedites the delivery of the goods and may choose the means of transportation; that he assists in the collection of delinquent accounts; that he solicits new accounts and checks on customer credit ratings; and that he may pick up over-ordered merchandise from one customer and sell it to another. The affidavit further established that since June 30, 1952, Dartmouth Skis' gross sales in Colorado have been in excess of $38,000.

■ In a case involving very similar facts, this court affirmed a holding that a corporation was present in Colorado and subject to service in this state. *Hibbard, Spencer, Bartlett & Co. v. District Court of El Paso County,* 138 Colo. 270, 332 P. (2d) 208 (1958). That decision quoted with approval from *International Shoe Co. v. State of Washington,* 326 U.S. 310, 317, 90 L. Ed. 95, 102 (1945), to the effect that:

" 'Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given."

The distinction between being qualified to do business in a state and being present within it was recognized by Judge Cardozo in *International Text-Book Co. v. Tone,* 220 N.Y. 313, 115 N.E. 914, 915 (1917), as follows:

"Business may be sufficient to subject the foreign corporation that does it to the service of process, and yet insufficient to require it to take out a license. * * * "

This distinction was approved by this court in *Begole Aircraft Supplies, Inc. v. Pacific Airmotive Corporation,*

121 Colo. 88, 212 P. (2d) 860, 861 (1949), where it was said:

"\* \* \* there is a distinction between 'doing business' by a foreign corporation such as would subject it to the jurisdiction of courts not of its domicile, and 'doing business' of the character that would subject it to the power of the state to impose regulations upon its activities."

As has been previously noted, the plaintiff's counter affidavit filed did not touch on the facts determinative of this issue of presence for the purpose of service. On this issue as framed by the pleading his reply to defendant's answer and affirmative defenses stated the mere legal conclusion that the defendant was outside of the state and not subject to service. No facts were alleged. To sustain his allegation of absence from the state, plaintiff was obliged to allege *specific facts* which, if true, would raise a genuine issue as to the applicability of C.R.S. '53, 87-1-30.

The requirement of specific factual allegations was set forth by the court in *Reynolds v. Needle,* 132 Fed. (2d) 161, 162 (D.C. Cir. 1942), where a summary judgment for the defendant was affirmed on the ground that plaintiff's claim was barred by the statute of limitations:

"Appellant contends that there were issues of material fact because there might possibly be facts which would toll the statute of limitations and avoid the plea. But he alleged no such facts and raised no such issues. If he had such facts to allege he might have amended his complaint, served affidavits, or asked permission to reply. He did none of those things."

■ Similarly, in *National Airlines, Inc. v. Florida Equipment Co. of Miami,* 71 So. (2d) 741, 744 (Fla. 1954), the court explained that:

"The function of the rule authorizing summary judgments is to avoid the expense and delay of trials when all facts are admitted or when a party is unable to support by any competent evidence a contention of fact.

\* \* \*

"Of course, a litigant by merely asserting a fact, without any evidence to support it, cannot avoid a summary disposition of his case. * * * "

To the same effect was the decision in *Lewis v. Chase National Bank of New York,* 69 N.Y.S. (2d) 79, 81 (Sup. Ct. 1947), in which the court noted:

" * * * Defendant urges that this question of law cannot be determined until the court is apprised of all the facts. However *on the facts submitted* if the question of law is capable of determination the decision should not be withheld because of a claim of other facts, not disclosed, which might result in a different determination. If there are other facts as claimed of which defendant has knowledge defendant should disclose them on this motion. * * * " (Emphasis supplied.)

It is apparent from the matters that were before the court that a different result would not have been obtained had the president of the company been called as a witness to testify on the issue of presence in the State of Colorado. In *Field v. Sisters of Mercy,* 126 Colo. 1, 245 P. (2d) 1167, a summary judgment of dismissal was approved by this court with the following apt summary:

"We find no prejudicial error resulting from the disposition of the questions here involved in whatever form they were presented, because the trial court afforded plaintiff every opportunity to present her arguments on those questions. In any event, it had the authority to decide the necessary questions of law and it appears from its finding and judgment that these questions, applied to the facts given by plaintiff, were properly resolved against her. It is obvious that a retrial would result in favor of defendant; therefore we must affirm the judgment."

The judgment is affirmed.

Mr. Justice Moore and Mr. Justice McWilliams concur.