## No. C-1257

## Carl M. Ginter, Jr. v. Palmer and Company, a Colorado Corporation

(585 P.2d 583)

Decided August 21, 1978.                    Rehearing denied September 11, 1978.

McCamant and Johnston, David Johnston, for petitioner.

Brown and Brown, James D. Brown, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Carl M. Ginter, Jr., plaintiff, brought this action against Palmer and Company, defendant, seeking a declaratory judgment adjudicating the respective rights of the parties in certain shares of the defendant corporation's stock. After the complaint and answer were filed, the defendant, pursuant to C.R.C.P. 56, moved for a summary judgment on the grounds that no genuine issue of any material fact existed and that the defendant was entitled to judgment as a matter of law. The district court granted the motion. The court of appeals affirmed on appeal. *Ginter v. Palmer and Company,* 39 Colo. App. 221, 566 P.2d 1358 (1977). We granted certiorari and now reverse and return the matter to the court of appeals for remand to the district court with directions for trial on the merits.

The articles of incorporation of the defendant corporation provide, in pertinent part:

"In the event of the death of a stockholder the corporation shall have the option to purchase his stock . . . on the basis of the book value as of the date of death."

Dolorosa Ginter, a stockholder of the corporation, died and bequeathed two-thirds of her stock, or the proceeds thereof should the corporation exercise its option, to the plaintiff. The defendant corporation decided to exercise its option and determined that the book value of the stock was $1.91 per share. The plaintiff refused to convey the stock to the corporation and initiated this action.

In his complaint, the plaintiff alleged, in part, that: (1) the true book value of the stock exceeded $1.91 per share and was believed to be in excess of $20.00 per share; (2) the $1.91 per share book value was determined on the basis of arbitrary and capricious figures and was based upon the management's decision to fix low book value to unjustly enrich themselves; and (3) the intent of the incorporators was that book value bear some relationship to actual asset value.

In support of its motion for summary judgment, the defendant corporation submitted an affidavit of its manager and executive officer. The affidavit declared:

"4. That the books of the company have been kept in a uniform manner since the formation of the corporation in 1956 without significant change in accounting methods; that all depreciation has been taken on a straight-line basis using reasonable estimated useful lifetimes; that all federal and state income tax returns have been filed for the corporation using the figures shown by said books of account and have been accepted by the Internal Revenue Service and the Colorado Department of Revenue as so prepared; that said books of account have been used and accepted for federal estate tax and state inheritance tax purposes in the estates of deceased stockholders.

"5. That said books have not been manipulated in any way for the purpose of lowering the book value of the shares of the corporation to an unreasonable value to the end that management and majority shareholders of the corporation might be unjustly enriched."

A copy of the corporation's balance sheet which indicated that the book value was $1.91 per share was attached to the affidavit.

The summary judgment procedure provided in C.R.C.P. 56 permits prompt disposition of actions which lack a genuine issue of material fact. The rule is designed to permit the parties to pierce the formal allegations of the pleadings and save the time and expense connected with a trial when, as a matter of law, based on undisputed facts, one party could not prevail. *Abrahamsen v. Mountain States Telephone & Telegraph Corp.* 177 Colo. 422, 494 P.2d 1287 (1972); *Terrill v. Heller & Co.* 165 Colo. 463, 439 P.2d 989 (1968); *O.C. Kinney, Inc. v. Paul Hardeman, Inc.,* 151 Colo. 571, 379 P.2d 628 (1963).

Summary judgment, however, is drastic remedy which denies litigants their right to trial and is never warranted except on a clear showing that there is no genuine issue as to any material fact. *Abrahamsen v.*

*Mountain States Telephone & Telegraph Corp., supra; Primock v. Hamilton,* 168 Colo. 524, 452 P.2d 375 (1969); *Credit Investment & Loan Co. v. Guaranty Bank & Trust Co.,* 143 Colo. 393, 353 P.2d 1098 (1960). The action must proceed to trial if a genuine issue of material fact exists. The burden of establishing the lack of a triable issue, therefore, is upon the moving party, and all doubts must be resolved against him. *Primock v. Hamilton, supra; O'Herron v. State Farm Mutual Auto Ins. Co.,* 156 Colo. 164, 397 P.2d 227 (1964).

The trial court relied upon the following portion of C.R.C.P. 56(e) in reaching its decision:

"When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, *if appropriate,* shall be entered against him." (Emphasis added).

The trial court found that "no Affidavits or other response was provided by the Plaintiff in accordance with Rule 56," and concluded that no genuine issue of any material fact existed.

■ Once a movant makes a convincing showing that genuine issues are lacking, C.R.C.P. 56(e) requires that the opposing party adequately demonstrate by relevant and specific facts that a real controversy exists. *Sullivan v. Davis,* 172 Colo. 490, 474 P.2d 218 (1970). Supporting affidavits submitted by the moving party, however, may be insufficient to satisfy his burden. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1972); *Benton-Volvo-Metairie, Inc. v. Volvo Southwest Inc.,* 479 F.2d 135 (5th Cir. 1973); *see* 6 *J. Moore, Federal Practice* ¶ 56.11[3] (2d ed.). In *Benton-Volvo-Metairie Inc. v. Volvo Southwest Inc., supra,* the court said:

"[T]his court feels that in certain cases the filing of counter affidavits would be only a perfunctory task. Dawkins v. Green, 412 F.2d 644 (5th Cir. 1969) at 646. It is well established that on a motion for summary judgment, the moving party carries the burden of proof, and he must show that no genuine issue of material fact exists even though at trial his opponent had the burden of proving the facts alleged. Dawkins v. Green, supra; Doff v. Brunswick Corporation, 372 F.2d 801 (9 Cir. 1967). In the case before us now defendants moved for summary judgment and submitted affidavits to support such a motion; plaintiff filed no affidavits. If this was then an *appropriate* case for summary judgment the action could have been properly ended at that point. However, the affidavits filed by the defendant are simply a restatement of the denials and counter charges contained in their answer and they contained no new information. Moreover, they set forth only ultimate facts or conclusions in that their contents are statements . . . which in no way proved or disproved any of the

allegations set out in the complaint and answer. It does not appear that any facts are present so that the trial court could actually arrive at its own conclusions. It should be remembered that in summary judgment proceedings affidavits containing mere conclusions have no probative value." (Emphasis supplied; footnotes omitted.)

Only if the moving party meets his burden of establishing that no genuine issue of any material fact exists is a case appropriate for summary judgment. Unless the moving party meets his burden, the opposing party *may,* but is not required to submit an opposing affidavit. C.R.C.P. 56(c)(e). Obviously, it is perilous for the opposing party to neither proffer an evidentiary explanation nor file a responsive affidavit. *Sullivan v. Davis, supra.* Stubborn reliance upon allegations or denials in the pleadings will not suffice when faced with an affidavit affirmatively showing the absence of a triable issue of material fact.

Close examination of the issues raised by the pleadings and the "facts" sworn to in the affidavit causes us to conclude that the defendant corporation failed to meet its burden of proof. The statements in the affidavit in this case are insufficient to prove or disprove the allegations in the complaint or answer, or are merely self-serving conclusions of the ultimate facts. The affidavit here, for example, states only that a uniform accounting procedure has been followed, but does not indicate the method of asset valuation or whether normal accounting procedures concerning asset valuation have been observed. The defendant, consequently, failed to demonstrate that it was entitled to a summary judgment.

Our disposition makes it unnecessary for us to address the court of appeals' conclusions of law which we neither approve nor disapprove.

Accordingly, the judgment is reversed, and the cause is returned to the court of appeals with directions to remand to the district court for trial on the merits.