No. 28040
No. 28050

**Connie Huydts and Jean Huydts v. Joselyn M. Dixon, Lester M. Dixon and John Doe, and Becky L. Kelty and Harold Kelty**

(606 P.2d 1303)

Decided February 25, 1980.

Karp and Goldstein, Sander N. Karp, for plaintiffs-appellants.

Walberg and Pryor, Irving G. Johnson, Hugh G. Bingham, for defendants-appellees.

DeMoulin, Anderson, Campbell and Laugesen, William P. DeMoulin, for plaintiffs-appellees.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

At issue in this appeal is the constitutionality of the guest statute, section 42-9-101, C.R.S. 1973, and the question of whether an issue of fact precluded the trial judge from granting summary judgment, pursuant to C.R.C.P. 56. Plaintiffs-appellants Connie and Jean Huydts appeal from an order of the district court which granted summary judgment to the defendants-appellees Joselyn and Lester Dixon and the plaintiffs-appellees Becky and Harold Kelty. The trial court held that the Huydts failed to establish that Becky Kelty acted with a willful and wanton disregard of the rights of others in the operation of the motor vehicle in which Connie Huydts was injured, and therefore, the Huydts' claim was barred by the Colorado Guest Statute. The trial court also found that the Hudyts failed

to establish facts to support a finding that Joselyn Dixon was negligent in her operation of the motor vehicle that collided with the Keltys' vehicle. We affirm the judgment of the trial court.

## I.

On December 12, 1974, Connie Huydts was a passenger in a pickup truck enroute to Denver, Colorado, driven by Becky Kelty. Kelty testified that she was driving northbound on Highway 83 at a safe rate of speed when a white car unexpectedly appeared heading south in the northbound lane. To avoid the white car, Kelty swerved into the southbound lane and collided head-on with a Ferrari driven by Bruce Erlich. As a result of the collision, the Kelty truck swung around 180 degrees and came to rest facing southward in the southbound lane. Joselyn Dixon, who had been following the Erlich Ferrari in the southbound lane, then crashed into the rear-end of the Kelty truck. As a result of the multiple collisions, Connie Huydts was seriously injured.

The Huydts and Keltys joined together as party plaintiffs in a negligence suit filed against the Dixons, alleging negligence in the operation of the Dixon vehicle. Because both the Keltys and the Dixons had waived their rights to a jury trial, the trial court severed the actions with the Keltys' claims proceeding first. At the conclusion of that action, the trial court found that the defendant Dixon was not negligent. Thereafter, upon motions by the Keltys and Dixons, the trial court entered summary judgment against the Huydts.

On appeal, the Huydts assert that the Colorado Guest Statute, section 42-9-101, C.R.S. 1973, violates the equal protection provisions of the Constitution. The Huydts also assert that the trial court erred in holding that there was no triable issue as to (1) whether Connie Huydts was in fact a guest, as required by the statute; (2) whether Becky Kelty was liable for a wanton and willful disregard of the rights of others; and (3) whether Joselyn Dixon was liable for negligence. We again uphold the constitutionality of the guest statute, and affirm the trial court's rulings on the summary judgment motions.

## II.

Appellants first ask us to reconsider our decisions upholding the constitutionality of the Colorado Guest Statute. In *Vogts v. Guerrette*, 142 Colo. 527, 351 P.2d 851 (1960), we carefully considered a series of constitutional challenges to the guest statute and concluded that the guest statute squared with both the Colorado and United States Constitutions. More recently, in *Richardson v. Hansen*, 186 Colo. 346, 527 P.2d 536 (1974) and *Drake v. Albeke*, 188 Colo. 14, 532 P.2d 335 (1975), we again reviewed the guest statute and upheld it as constitutional, specifically rejecting the contention that the statute denied equal protection rights. To take the position now that the guest statute violates the equal protection clause of the Constitution would be to ignore our past decisions

and to reject the principle of *stare decisis. See e.g. City and County of Denver v. Duffy Storage and Moving Co.*, 168 Colo. 91, 450 P.2d 339 (1969).

The Supreme Court of the United States has also refused to reconsider its early holding that a Connecticut guest statute similar to ours did not violate equal protection rights. *See Silver v. Silver*, 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed 221 (1929). In *Hill v. Garner*, 434 U.S. 989, 98 S. Ct. 623, 54 L.Ed.2d 486 (1977) (memorandum decision), the Supreme Court dismissed an appeal based on the constitutionality of an Oregon guest statute for want of a substantial federal question. *See also White v. Hughes*, 423 U.S. 805, 96 S. Ct. 15, 46 L.Ed.2d 26 (1975), *dismissing appeal from* 257 Ark. 627, 519 S.W.2d 70; *Cannon v. Oviatt*, 419 U.S. 810, 95 S. Ct. 24, 42 L.Ed.2d 37 (1974), *dismissing appeal from* 520 P.2d 883 (Utah 1974). The Supreme Court of the United States has also denied a petition for certiorari based on a similar equal protection claim. *See Sidle v. Majors*, 429 U.S. 945, 97 S. Ct. 366, 50 L.Ed.2d 316 (1976) (dissent by Justice Brennan, joined by Justice Marshall). It is our view that these cases, along with numerous decisions of other state supreme courts, clearly refute the appellants' contention. *See e.g. Botsch v. Reisdorff*, 193 Neb. 165, 226 N.W.2d 121 (1975); *Duerst v. Limbocker*, 269 Ore. 252, 525 P.2d 99 (1974); *Keasling v. Thompson*, 217 N.W.2d 687 (Iowa 1974); *Tisko v. Harrison*, 500 S.W.2d 565 (Tex. Civ. App. 1973); *Naudzius v. Lahr*, 253 Mich. 216, 234 N.W. 581 (1931).

### III.

The appellants also claim that the legislature has impliedly repealed the Colorado Guest Statute by virtue of its passage of section 13-21-111, C.R.S. 1973, which replaced the common law bar of contributory negligence with a rule of comparative negligence. In support of their contention, the appellants cite *Brown v. Kreuser*, 38 Colo. App. 554, 560 P.2d 105 (1977), in which the court of appeals held that the legislature impliedly repealed the doctrine of assumption of risk through its passage of the comparative negligence statute. Section 13-21-111, C.R.S. 1973.

Without passing on the validity of the court of appeals holding in *Brown*, we need only point out that the rationale of *Brown* is not applicable to the guest statute. In *Brown*, the court of appeals held that the doctrine of assumption of risk was a form of contributory negligence, which had been abrogated by the legislature's enactment of the comparative negligence statute. The guest statute, however, is not derived from the common law doctrine of contributory negligence; but stems from a legislative decision that one who rides as a guest in another person's vehicle should not be allowed to recover for injuries caused by the operator's simple and ordinary negligence. *Vogts, supra.* The fact that the general assembly expressly repealed the Colorado Guest Statute in 1975, nearly five years after its adoption of the Comparative Negligence Statute, adds further

strength to the conclusion that the legislature did not believe that passage of the comparative negligence statute repealed the guest statute. (Repealed Colo. Sess. Laws 1975, ch. 397 at 1568.) Since the guest statute was in effect on the date of the Kelty accident, the trial court had no choice but to apply its provisions.

## IV.

The appellants finally challenge the trial court's ruling granting summary judgment to the Keltys and Dixons. Under C.R.C.P. 56, summary judgment is proper when a party can show through pleadings, affidavits, depositions, and admissions on file that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See e.g. Fritz v. Regents of the University of Colorado*, 196 Colo. 335, 586 P.2d 23 (1978); *Abrahamsen v. Mountain States Telephone and Telegraph Co.*, 177 Colo. 422, 494 P.2d 1287 (1972); *Norton v. Dartmouth Skis, Inc.*, 147 Colo. 436, 364 P.2d 866 (1961).

Upon a review of the record submitted in this case, we affirm the trial court's ruling. The record contains no evidence to support the contention that Connie Huydts was not a guest of Becky Kelty as that term has been defined in our decisions. *See e.g. Coffman v. Godsoe*, 142 Colo. 575, 351 P.2d 808 (1960). In addition, the evidence in the record shows that Becky Kelty was driving in a safe and prudent manner at the time of the accident, and there is no evidence to support a finding of willful or wanton disregard for the rights of others. Finally, it is our view that the record does not support a finding that Joselyn Dixon was negligent in the operation of her motor vehicle. In short, summary judgment was properly granted by the trial court.

Accordingly, the judgments of the trial court are affirmed.