Vance **MILLER** and Hayward Miller, Jr., **Plaintiffs-Appellees,**

v.

James Alan **JARRELL**, Jeffrey Jarrell and Diane Jarrell, **Defendants-Appellants.**

**No. 82CA1134.**

Colorado Court of Appeals, Div. I.

June 28, 1984.

Gale A. Drexler, Denver, for defendants-appellants.

Quigley & Goss, R. Neil Quigley, Denver, for plaintiffs-appellees.

STERNBERG, Judge.

Jeffrey, Diane, and James Alan Jarrell (the Jarrells), appeal a judgment which awarded Vance Miller and Hayward Miller, Jr. (the Millers), contribution in the amount of $7,613.03, plus interest of $879.95. We affirm.

On May 18, 1979, Jeffrey Jarrell and Vance Miller were the drivers of two of the automobiles involved in a four car accident. Jeffrey was driving a car owned by Diane Jarrell, his mother, while Vance was driving a car owned by his father, Hayward Miller, Jr.

Injured parties in that accident, Marilyn Laverty and Milton Haerich in one action and Beatrice Nelson in a second, sued Jeffrey and Diane Jarrell and Vance Miller and Hayward Miller, Jr., seeking damages for personal injuries and property damage. The Jarrells and Millers filed cross-claims. The suits were consolidated for trial.

Subsequently, the Millers settled with the injured parties, and releases were obtained which specifically released not only the Millers, but also the Jarrells (including James Alan Jarrell, Jeffrey's father, who had not been named a party to the lawsuit) from all actions and claims by the injured parties. Laverty received $7,750, Haerich $1,671, and Nelson $10,000 under the settlements. The injured parties' claims against the Jarrells and the Millers were then dismissed, leaving the cross-claims as the only remaining issues in the lawsuit.

The Millers filed this action against the Jarrells for contribution. The Jarrells moved to dismiss, contending that the Millers' claims for contribution were barred by § 13–50.5–105(1)(b), C.R.S. (1983 Cum. Supp.). The motion was denied. Subse-

quently, the Millers' motion for partial summary judgment on the issue of the reasonableness of the settlement was granted.

The jury returned a special verdict which found Jeffrey Jarrell to have been thirty five percent negligent and Vance Miller to have been sixty five percent negligent in the accident. The trial court entered judgment in favor of Jeffrey Jarrell and against Vance Miller in the amount of $1,040 on his cross-claim. On May 25, 1982, the trial court entered judgment against the Jarrells and in favor of the Millers for contribution in the amount of $7,613.03, plus $879.95 in interest, and this appeal followed.

## I.

The Jarrells first contend that, because § 13–50.5–105(1)(b) barred such claims, the trial court erred in not dismissing the Millers' claims for contribution, and in entering judgment in favor of the Millers for contribution and interest. We disagree.

Traditionally, the release of a joint tortfeasor served to release all other joint tortfeasors. This rule stemmed from the common law notion as to the unity of a cause of action. *Cingoranelli v. St. Paul Fire & Marine Insurance Co.*, 658 P.2d 863 (Colo. 1983). Effective July 1, 1977, however, this joint tortfeasor release rule was abrogated in Colorado by the Uniform Contribution Among Tortfeasors Act, § 13–50.5–101 et seq., C.R.S. (1983 Cum.Supp.).

Section 13–50.5–105 provides, in relevant part:

"(1) When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death *unless its terms so provide* ...." (emphasis added)

In this instance, the settlement agreement executed between the Millers and the injured parties "release[d], acquit[ted], and forever discharge[d] [the Millers and the Jarrells] ... of and from any and all actions, causes of action, claims and demands, damages, costs, loss of services, expenses and compensation" on account of any injury and/or property damage arising out of the May 18, 1979, automobile accident.

■ The Jarrells argue that this settlement agreement, which releases them from liability, bars the Millers from seeking contribution because § 13–50.5–105(1)(b) provides that such an agreement "discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor." However, § 13–50.5–105 applies only when such a release is given "to *one* of two or more persons liable in tort for the same injury or the same wrongful death." (emphasis added) Here, the release was given to *all* persons liable in tort for the same injury.

There are two prerequisites to be met before a tortfeasor is entitled to contribution from a joint tortfeasor. First, two or more persons must be jointly or severally liable in tort for the same injury to person or property or for the same wrongful death. Section 13–50.5–102(1), C.R.S. (1983 Cum.Supp.). The Jarrells do not contend that they were not jointly or severally liable with the Millers for the same injury to person or property.

Second, a tortfeasor must have paid more than his pro rata share of the common liability. If so, the tortfeasor's total recovery is limited to the amount paid by him in excess of his pro rata share. Section 13–50.5–102(2), C.R.S. (1983 Cum. Supp.).

Here, the Millers paid the injured parties the full amount of the settlement, and then sought contribution from the Jarrells for their pro rata share. Section 13–50.5–102(4), C.R.S. (1983 Cum.Supp.), provides:

"A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any

amount paid in a settlement which is in excess of what was reasonable."

Here the settlement with the injured parties did extinguish all liability, including that of the Jarrells, from whom contribution was sought. Therefore, this statute does not prevent the Millers from recovering contribution from the Jarrells where liability was extinguished by the settlement. Thus, the trial court was correct in applying § 13–50.5–105, and in entering judgment in their favor for contribution and costs.

Although it would have been more provident to have included the Jarrells as parties to the settlement agreement if possible, we do not perceive it to be unfair to allow the Millers to recover contribution from them. The Jarrells still had the recourse of establishing that they were not jointly or severally liable in tort for the same injury to person or property, or that the Millers paid more than what was reasonable in the settlement.

In fact, to prohibit the Millers from getting contribution would make for an inequitable distribution of the loss, and would result in the Jarrells being unjustly enriched through the Millers' complete payment of a joint obligation. *See W.D. Rubright Co. v. International Harvester Co.,* 358 F.Supp. 1388 (W.D.Pa.1973); *Carter v. E.T. & W.N.C. Transportation Co.,* 35 Tenn.App. 196, 243 S.W.2d 505 (1949). The statute does not compel such an inequity.

## II.

The Jarrells next assert that the trial court erred in granting the Millers' motion for partial summary judgment on the issue of the reasonableness of the settlements because there was no trial or proceeding to establish the reasonableness of the settlement entered into by the Millers with the injured parties. We disagree.

The Millers' motion for partial summary judgment incorporated the releases of the three injured parties, plus the depositions of injured parties Laverty and Nelson, copies of medical reports and medical bills of Laverty and Nelson, and other relevant documents. The Jarrells, on the other hand, did not raise the issue of reasonableness of the settlements in their motion or memorandum brief in opposition to the Millers' motion for partial summary judgment, but instead merely repeated their argument, contained in their trial brief, that § 13–50.5–105(1)(b) barred their claims for contribution.

Hence, the Jarrells did not adequately demonstrate that a genuine issue of fact existed on the issue of the reasonableness of the settlement. Thus, there was no error in granting the Millers' motion for partial summary judgment. *Huydts v. Dixon,* 199 Colo. 260, 606 P.2d 1303 (1980).

The judgment is affirmed.

PIERCE and BABCOCK, JJ., concur.