**Kimberly Ann RAGSDALE,**
**Plaintiff-Appellant,**

**v.**

**K–MART CORPORATION and Murray**
**Ohio Manufacturing Company,**
**Defendants-Appellees.**

No. 1–783A211.

Court of Appeals of Indiana,
First District.

May 29, 1984.

Order Published Sept. 27, 1984.

Charles W. Cooper, Cooper, Cox, Jacobs, Reed & Barlow, William E. Jenner, Darrell M. Auxier, Jenner & Kemper, Madison, for plaintiff-appellant.

Evan E. Steger, Robert G. Zeigler, Ice, Miller, Donadio & Ryan, Indianapolis, Gordon K. Emery, Donovan, Emery & Hewetson, Bedford, for defendants-appellees.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant Kimberly Ann Ragsdale (Kimberly) appeals from a jury verdict and judgment for the defendant-appellees K-Mart Corporation (K-Mart) and Murray Ohio Manufacturing Company (Murray Ohio) in her action for damages in a products liability suit.

We affirm.

## STATEMENT OF THE FACTS

Nancy Ragsdale, Kimberly's mother, purchased a push-type walk-behind rotary lawn mower from K-Mart in the fall of 1977. The mower had been manufactured by Murray Ohio in March of 1977. On August 4, 1978 Kimberly was operating the lawn mower when the chute became clogged with grass. Kimberly lifted the guard chute and placed her right hand in the chute in order to remove the clogged grass. In so doing, Kimberly's fingers came in contact with the moving blade of the mower, resulting in the amputation of the ends of three fingers on her right hand.

ISSUES

Kimberly presents four issues for our review:

I. Whether the trial court committed reversible error in instructing the jury that Kimberly could be held to have incurred the risk of her injuries if the risk could have been readily discernible by a reasonably prudent person in similar circumstances.

II. Whether the trial court committed reversible error in instructing the jury that K-Mart and Murray Ohio were not required to foresee or protect Kimberly from her own carelessness.

III. Whether the trial court erred in granting judgment on the evidence in favor of K-Mart and Murray Ohio and against Kimberly on the issue of punitive damages.

IV. Whether the trial court erred in granting K-Mart and Murray Ohio's Motion in Limine as to any changes made in mower design by Murray Ohio or other manufacturers, or in pertinent government regulations subsequent to the design and manufacture of the lawn mower involved here.

## DISCUSSION AND DECISION

We first note the trial was based solely on the theory of strict liability. Kimberly did not allege the mower malfunctioned in any way; rather, she contends its defective design and/or lack of warnings caused her injuries.

*Issue I.*

■ Instruction No. 9 tendered by K-Mart and Murray Ohio, and given by the trial court, reads:

"Defendants have raised the affirmative defense that Kimberly Ragsdale incurred the risk of her injuries.

The Doctrine of Incurred Risk under Indiana law is that one incurs all of the normal risks of a voluntary act—so long as he or she knows and understands them, or if they are readily discernible by a reasonably prudent person in similar circumstances.

Therefore, even if you find by a preponderance of the evidence that Kimberly Ragsdale was injured as a result of a risk arising out of a defective and unreasonably dangerous condition of the lawn mower, if you further find that she knew and understood such risk or that it was a risk which could have been readily discernible by a reasonably prudent person in similar circumstances, then you should find for the defendants."

Kimberly objects to the last portion of this instruction which approves the use of an objective standard sounding of contributory negligence to support an incurred risk defense. Kimberly states the test of whether an injured plaintiff recognized the defect or danger giving rise to the injury is a subjective one; that she must have had actual knowledge of the moving blade before she could be held to have incurred the risk of injuring her fingers. We agree the instruction misstates the law, in that contributory negligence on the part of the plaintiff in failing to discover the danger is not a defense to an action based on strict liability. *Perfection Paint & Color Co. v. Konduris,* (1970) 147 Ind.App. 106, 258 N.E.2d 681, *see* IND.CODE 33–1–1.5–4. *Cf. Gilbert v. Stone City Construction Company,* (1976) 171 Ind.App. 418, 357 N.E.2d 738; *Cornette v. Searjeant Metal Products, Inc.,* (1970) 147 Ind.App. 46, 258 N.E.2d 652, which applied the pre-code law of products liability.

■ This does not warrant reversal of the judgment in favor of K-Mart and Murray Ohio because examination of the record as a whole shows the jury could not have been misled; their verdict could not have been different under a proper instruction on incurred risk. *See Pardue v. Seven-Up Bottling Co. of Indiana,* (1980) Ind.App., 407 N.E.2d 1154. Following Indiana case law in the area of products liability, the danger posed by the moving blade of the lawn mower is an open and obvious one. *Bryant-Poff, Inc. v. Hahn,* (1982) Ind.App.,

454 N.E.2d 1223; *Coffman v. Austgen's Electric, Inc.,* (1982) Ind.App., 437 N.E.2d 1003. Whether a defect or danger is open and obvious is an objective test, based upon what the user *should* have known. *American Optical Company v. Weidenhamer,* (1983) Ind., 457 N.E.2d 181. The fact that the mower blade is not clearly exposed to the user of the mower does not make it a hidden, and thus latent, danger. The ordinary user of a lawn mower is aware of the presence of a blade under the hood of the mower which moves to cut the grass. Thus, Kimberly should have recognized the danger.

■ Following the precedent set by our supreme court in *Bemis Company v. Rubush,* (1981) Ind., 427 N.E.2d 1058, we hold that such blade poses an open and obvious danger as a matter of law to one placing a hand into the running mower, particularly after the user has lifted the guard chute from its protective location. Therefore, neither Murray Ohio nor K-Mart had a duty to warn Kimberly of the danger of inserting her hand near the blade, and Kimberly cannot recover on the theory that inadequate warnings of such danger were provided. *Bemis, supra.*

*Issue II.*

■ Kimberly complains of Instruction No. 7 tendered by K-Mart and Murray Ohio. This instruction, which was given by the trial court, reads:

"The defendants, K-Mart Corporation and Murray Ohio Manufacturing Company, had no legal duty to provide the lawn mower in question with devices or warnings against dangers or the potentiality of dangers which Kimberly Ragsdale knew or should have known, or which were generally known and recognized by users of lawn mowers because they were obvious; nor were the defendants required to foresee or protect Kimberly Ragsdale from her own carelessness."

Kimberly asserts the last part which denies any duty upon K-Mart and Murray Ohio to protect her from her own carelessness again amounts to an instruction on contrib-

utory negligence. The instruction addresses the open and obvious rule, and was not erroneously given. *See Bemis, supra,* where the supreme court voiced its approval of the substance of the identical Instruction No. 5 tendered by that defendant. We do think the instruction would be improved by appending a clarifying phrase to the end of the instruction, such as "in failing to recognize the open and obvious danger involved." This would distinguish the defense from that of carelessness in using the mower, which constitutes misuse, *Perfection Paint, supra,* and the improper defense of contributory negligence in failing to find a latent defect or danger.

*Issue III.*

■ Kimberly argues the trial court erred in granting K-Mart and Murray Ohio's motion for judgment on the evidence on the issue of punitive damages. We cannot agree. To support a claim for punitive damages, there must be clear and convincing evidence that the tortious conduct was committed oppressively, fraudulently, or with malice or gross negligence. *Travelers Indemnity Company v. Armstrong,* (1982) Ind., 442 N.E.2d 349. No such evidence was introduced here. Furthermore, no compensatory damages were awarded to Kimberly and none are warranted; therefore, punitive damages are inappropriate and there can be no error in keeping the issue from the jury. *See Cousins v. Glassburn,* (1940) 216 Ind. 431, 24 N.E.2d 1013.

*Issue IV.*

Before trial, K-Mart and Murray Ohio moved the trial court to exclude certain evidence of governmental regulations in the lawn mower industry promulgated after the design and manufacture of the mower at issue, any model changes in design made by Murray Ohio or other mower manufacturers after the design of the mower, and any technological developments subsequent to the design of the mower which would affect its performance under circumstances such as those that led to the accident here involved. This motion

in limine was based on IND.CODE 33–1–1.–5–4(b)(4), which states:

"When physical harm is caused by a defective product, it is a defense that the design, manufacture, inspection, packaging, warning, or labeling of the product was in conformity with the generally recognized state of the art at the time the product was designed, manufactured, packaged, and labeled."

The lawn mower here involved was designed in 1976 and manufactured on March 29, 1977. In Kimberly's offer to prove, made in response to the granted motion in limine, her expert witness testified as to technical developments made since 1977 in the area of blade stopping devices. The witness stated that some type of blade stopping device has been required on all mowers manufactured after July 1, 1982. Kimberly contends this information was admissible under the "caution" rule, citing *Ortho Pharmaceutical Corporation v. Chapman*, (1979) 180 Ind.App. 33, 388 N.E.2d 541.

■ The caution rule is employed in defective design cases to show the feasibility of taking certain precautions by showing such precautions were subsequently taken. It was developed as part of an evidentiary exception which allows evidence of subsequent remedial actions for purposes of rebuttal and impeachment. As such, the caution rule is applicable in a defective design case where the plaintiff must prove the product as designed necessarily creates the injury complained of, there is an alternative design which would eliminate the danger of injury, and that alternate design is feasible. However, before the rule may be invoked, feasibility must be contested. *Ortho Pharmaceutical, supra.*

■ Application of the caution rule would be inappropriate in this case. Evidence was presented as to various blade stopping devices utilized by the lawn mower industry at the time the mower here involved was designed and manufactured. The benefits of these devices were described by Kimberly's expert witness, who presented them as a feasible safety precau-

tion in 1976 and 1977. Murray Ohio's expert witness did not contest the availability of such devices, but stated such were not practical at that time.

The blade stopping devices discussed were not required on push-type walk-behind rotary lawn mowers according to the state of the art and industry regulations in 1976 and 1977. Kimberly sought to introduce evidence of stricter government standards adopted in 1982 mandating the inclusion of blade stopping devices on all mowers manufactured thereafter. This information does not pertain to any subsequent remedial actions taken by K-Mart or Murray Ohio, and does not prove the feasibility of adding blade stopping devices in 1977. In short, the testimony offered by Kimberly in response to the motion in limine was evidence of the state of the art subsequent to the design and manufacture of the lawn mower here involved, and as such was properly excluded by the trial court pursuant to IND.CODE 33–1–1.5–4(b)(4).

For the above stated reasons, this cause is affirmed.

Judgment affirmed.

ROBERTSON, J., concurs.

RATLIFF, J., concurs in result.