**Robert Leroy URBAN,**
**Plaintiff-Appellant,**

v.

**BELOIT CORPORATION,**
**Defendant-Appellee.**

No. 84SA298.

Supreme Court of Colorado,
En Banc.

Dec. 2, 1985.

Rehearing Denied Jan. 13, 1986.

Holm & Christensen, P.C., Steven A. Christensen, Jon L. Holm, Denver, for plaintiff-appellant.

Breit, Best, Richman & Bosch, Warren B. Bosch, Susan Smith Fisher, Denver, for defendant-appellee.

LOHR, Justice.

Robert Urban was injured while operating a machine manufactured by Beloit Corporation. Urban sued Beloit for damages resulting from this injury, and Beloit moved for summary judgment based solely on a Colorado statute of repose. The Denver District Court granted the summary judgment motion, and Urban appealed. We conclude that a genuine issue of material fact remains unresolved and therefore reverse the judgment of the district court.

I.

Urban was employed by Packaging Corporation of America. As part of his em-

ployment duties, he operated a "calendar stack" machine. The machine was manufactured and sold by Beloit in 1922, and at the time of Urban's injury, it had been in continuous use at the Packaging Corporation plant for more than twenty-two years. On May 14, 1982, three of the fingers on Urban's left hand were severed when his hand was caught as he placed a stack of cardboard into the machine. Urban filed a complaint against Beloit, alleging breach of express and implied warranties, negligent design and manufacture, and strict liability. Beloit asserted as an affirmative defense that a Colorado statute limiting actions against manufacturers of manufacturing equipment barred Urban's claim. The statute, section 13–80–127.6, 6 C.R.S. (1985 Supp.), provides in part that all personal injury actions against a maker of manufacturing equipment must be brought within ten years after the equipment is first used for its intended purpose by someone who is not engaged in the business of manufacturing, selling, or leasing the equipment. The statute by its terms does not apply to claims arising from injuries caused by hidden defects in the equipment. § 13–80–127.6(1)(b), 6 C.R.S. (1985 Supp.).[1] The district court agreed with Beloit that this statute forecloses Urban's claims and granted Beloit's motion for summary judgment under C.R.C.P. 56.

## II.

Urban acknowledges that the calendar stack machine is "manufacturing equipment," and he does not dispute the fact that his suit was filed more than ten years after the machine was first used for its intended purpose. Rather, Urban argues that section 13–80–127.6 should not foreclose his claims since his injury may have been caused by a hidden defect in the machine. Furthermore, he contends that the statute violates constitutional guarantees of equal protection and due process of law, Colorado's constitutional guarantee of equal access to courts of justice, and the Colorado Constitution's prohibitions against special legislation. See U.S. Const. amend. XIV, § 1; Colo. Const. art. II, §§ 6, 11, art. V, § 25. Because we decide that a genuine factual issue exists as to whether Urban's injury was caused by a hidden defect, we reverse the summary judgment without reaching Urban's constitutional challenges to section 13–80–127.6.

Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue

1. Section 13–80–127.6, 6 C.R.S. (1985 Supp.), provides in pertinent part:

(1)(a) Notwithstanding any other statutory provisions to the contrary, all actions for or on account of personal injury, death, or property damage brought against a person or entity on account of the design, assembly, fabrication, production, or construction of new manufacturing equipment, or any component part thereof, or involving the sale or lease of such equipment shall be brought within three years after the claim for relief arises and not thereafter.

(b) Except as provided in paragraph (c) of this subsection (1), no such action shall be brought on a claim arising more than ten years after such equipment was first used for its intended purpose by someone not engaged in the business of manufacturing, selling, or leasing such equipment, except when the claim arises from injury due to hidden defects or prolonged exposure to hazardous material.

(c) The time limitation specified in paragraph (b) of this subsection (1) shall not apply if the manufacturer, seller, or lessor intentionally misrepresented or fraudulently concealed any material fact concerning said equipment which is a proximate cause of the injury, death, or property damage.

(2) As used in this section, "manufacturing equipment" means equipment used in the operation or process of producing a new product, article, substance, or commodity for the purposes of commercial sale and different from and having a distinctive name, character, or use from the raw or prepared materials used in the operation or process.

(3) The provisions of subsection (1) ... shall not apply to a claim against a manufacturer ... who, in an express written warranty, warranted manufacturing equipment to be free of defects [for more than ten years after its first use for its intended purpose], if the injury complained of occurred and the claim for relief arose during [the warranty period].

(4) The provisions of subsection (1) ... shall not [apply to indemnity actions by a manufacturer against any other person who may be liable to the manufacturer for all or part of any judgment rendered against the manufacturer].

as to any material fact. *E.g., Pueblo West Metropolitan District v. Southeastern Colorado Water Conservancy District,* 689 P.2d 594, 600 (Colo.1984); *Ginter v. Palmer & Co.,* 196 Colo. 203, 205, 585 P.2d 583, 584 (1978); *Abrahamsen v. Mountain States Telephone & Telegraph Co.,* 177 Colo. 422, 426, 494 P.2d 1287, 1289 (1972). The moving party has the burden of establishing the lack of a triable factual issue, and all doubts as to the existence of such an issue must be resolved against the moving party. *Ginter,* 196 Colo. at 206, 585 P.2d at 584; *Primock v. Hamilton,* 168 Colo. 524, 528, 452 P.2d 375, 378 (1969). This is true even if the party opposing summary judgment would have the burden of proving the alleged facts at trial. *Ginter,* 196 Colo. at 206, 585 P.2d at 585 (citing *Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.,* 479 F.2d 135 (5th Cir. 1973)).

In its order granting summary judgment, the district court stated that Urban had failed to produce any facts to support his assertion that his injury was caused by a hidden defect. This suggests that the district court placed too heavy a burden on Urban. Although C.R.C.P. 56(e) requires an opposing party to demonstrate adequately by relevant and specific facts that there is a genuine issue for trial, this requirement comes into play only after a moving party makes a convincing showing that genuine issues are lacking. *Ginter,* 196 Colo. at 206, 585 P.2d at 585. Beloit Corporation, the moving party in the present case, failed to make such a showing.

Urban averred in his complaint that his injuries were caused by defects in the machine and that he was using the machine in a proper manner and in no way contributed to his injuries. Beloit denied these averments. In support of its position on summary judgment that Urban's injury was not caused by a hidden defect, Beloit relied solely on Urban's statement in his deposition that he knew, prior to his injury, that the calendar stack was dangerous. Urban did acknowledge that the machine was dangerous and his injury did occur when his left hand was pulled into the machine. Neither of these facts, however, can be said to resolve the genuine factual question whether Urban's injuries were caused by a hidden defect in the machine, since the acknowledged facts alone do not establish whether the cause of his injury was a hidden defect or a condition of which Urban was aware. *See Vilardebo v. Keene Corp.,* 431 So.2d 620, 622 (Fla.Dist.Ct.App. 1983). The record simply leaves the precise cause of Urban's injury in doubt. Because summary judgment "is a drastic remedy which denies litigants their right to trial and is never warranted except on a clear showing that there is no genuine issue as to any material fact," *Ginter,* 196 Colo. at 205, 585 P.2d at 584, it is not appropriate in this case.

The judgment of the district court is reversed and the case is remanded for further proceedings.

ERICKSON, J., dissents and QUINN, C.J., and ROVIRA, J., join in the dissent.

ERICKSON, Justice, dissenting:

I respectfully dissent. The district court properly granted summary judgment for Beloit. There was no issue of material fact, and Beloit was entitled to summary judgment as a matter of law. C.R.C.P. 56. Beloit's evidence establishes that Urban's injury was caused by an open and obviously dangerous part of the calendar stack and was not caused by any hidden defect in the machine.

Urban conceded that the calendar stack falls under the statutory definition of "manufacturing equipment" for purposes of section 13–80–127.6, 6 C.R.S. (1985 Supp.). Beloit's undisputed exhibits also establish that the calendar stack in question had been in continuous use for its intended purpose for more than ten years and that Packaging Corporation of America was not a manufacturer, seller, or lessor of calendar stack machines. Urban argues that the district court improperly granted summary judgment for Beloit because there remained a factual controversy

under the statute of repose on the issue of whether his injury was caused by a hidden defect in the machine.

Summary judgment is proper when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Huydts v. Dixon*, 199 Colo. 260, 606 P.2d 1303 (1980). The party moving for summary judgment carries the burden of establishing the lack of a triable factual issue, and all doubts must be resolved against him. *Ginter v. Palmer and Co.*, 196 Colo. 203, 585 P.2d 583 (1978).

Section 13–80–127.6 provides that the time limitations of the section shall not apply to injuries which are "due to hidden defects" in the manufacturing equipment. Beloit need only show that the injuries caused by the machine were not caused by hidden defects. Beloit need not prove that the machine contained no hidden defects. To impose such a burden would be to require the impossible. Beloit cannot prove and should not be required to prove the nonexistence of hidden defects in the calendar stack if such defects were not the cause of Urban's injury. To make such a requirement would be like requiring a defendant in a criminal case to prove the negative state of innocence.

Urban stated in his deposition that he had been told by supervisors at the Packaging Corporation plant that the calendar stack was dangerous and should be avoided, that he heard and observed before his injury that calendar stacks had dangerous moving parts, and that it was commonly known at the plant that there had been prior injuries caused by the calendar stack. Urban was injured when he placed a stack of cardboard in the machine and caught his left hand in the paper-feeding rollers. The rollers were in plain view, were moving, and were obviously dangerous. Urban has admitted that he was well aware of the danger before he was injured. The operation of the calendar stack made the threat of an injury caused by the rollers (such as that suffered by Urban) obvious to any operator of the machine. *See Plante v. Hobart Corp.*, 771 F.2d 617 (1st cir.1985) (manufacturer not liable for failure to warn where product is obviously dangerous and the plaintiff and his employer were aware of the dangers in the product).

Once the party moving for summary judgment makes a convincing showing that genuine issues are lacking, C.R.C.P. 56(e) requires that the opposing party demonstrate with relevant and specific facts that a real controversy exists. *Otteson v. United States*, 622 F.2d 516 (10th Cir.1980) (identical F.R.C.P. 56(e)); *Gates v. Ford Motor Co.*, 494 F.2d 458 (10th Cir.1974); *Brown v. Ford Motor Co.*, 494 F.2d 418 (10th Cir.1974); *Ginter*, 196 Colo. at 203, 585 P.2d at 583; C. Wright & A. Miller, *Federal Practice and Procedure* § 2739 (1983). Urban's bare assertion in an affidavit that "[he did] not know if any hidden defects exist in the machine in question" does not establish or even suggest that his injury was caused by a hidden defect in the machine. The district court correctly held that there is no factual dispute on the hidden-defect issue.

Pleading a hidden defect as an exception to the statute of repose without asserting or establishing any factual basis does not defeat the motion for summary judgment in the absence of relevant and specific facts demonstrating that a real controversy exists as to the exception. Urban has made no showing or even a claim as to what the hidden defect is that caused his injury and that would remove his case from the coverage of the statute of repose. *See Howard v. Green*, 555 F.2d 178 (8th Cir.1977) (affirmative defenses must be pleaded and proved by the party asserting them); *Latino Political Action Committee, Inc. v. City of Boston*, 581 F.Supp. 478 (D.Mass. 1984).

Accordingly, I would affirm the summary judgment entered by the district court.

I am authorized to say that Chief Justice Quinn and Justice Rovira join in the dissent.