Dianne **WAYDA**, Individually, and as next friend of Heidi Marie Wayda, Lauri Jane Wayda, and Robert John Wayda, minors, Albert Wayda, and Tina Wayda, Plaintiffs-Appellants,

v.

**COMET INTERNATIONAL CORPORATION**, an Illinois corporation, Defendant-Appellee.

No. 85CA0334.

Colorado Court of Appeals, Div. III.

Jan. 15, 1987.

Rehearing Denied Feb. 12, 1987.

Certiorari Denied (Comet) May 26, 1987.

Watson, Nathan & Bremer, P.C., Christina M. Habas, Denver, Wm. W. Webster & Associates, P.C., Allen W. Stokes, Jr., Denver, for plaintiffs-appellants.

Hall & Evans, Malcolm S. Mead, Bruce A. Menk, Denver, for defendant-appellee.

BABCOCK, Judge.

In this products liability action for wrongful death, plaintiffs appeal summary judgment entered in favor of defendant, Comet International Corporation. We reverse.

In August 1981, plaintiffs' decedent, Albert M. Wayda, was found crushed to death inside a vacuum thermo-forming machine manufactured by defendant. The machine had been in operation at Wayda's place of employment since 1969.

Defendant moved for summary judgment on the ground that plaintiffs' suit was barred by Colo.Sess. Laws 1981, ch. 179, § 13–80–127.6, which provided, in pertinent part:

"(1)(a) Notwithstanding any other statutory provisions to the contrary, all actions for or on account of personal injury, death, or property damage brought against a person or entity on account of the design, assembly, fabrication, production, or construction of new manufacturing equipment, or any component part thereof, or involving the sale or lease of such equipment shall be brought within three years after the claim for relief arises and not thereafter.

"(b) Except as provided in paragraph (c) of this subsection (1), no such action shall be brought on a claim arising more than ten years after such equipment was first used for its intended purpose by someone not engaged in the business of manufacturing, selling, or leasing such equip-

ment, except when the claim arises from injury due to hidden defects or prolonged exposure to hazardous material."

The trial court determined that there was no material issue of fact concerning the existence of a hidden defect within the machine; thus, defendant was entitled to summary judgment under the above statute of repose. The sole issue on appeal is whether a genuine issue of material fact still exists as to whether the machine contained a hidden defect which would constitute an exception to the above statute. We conclude that there is.

■ Summary judgment is a drastic remedy and is never warranted except on a clear showing that there is no genuine issue as to any material fact. *Urban v. Beloit Corp.*, 711 P.2d 685 (Colo.1985). The moving party has the burden of establishing the lack of a triable factual issue, and all doubts as to the existence of such an issue must be resolved against the moving party. *Urban v. Beloit Corp., supra.* The party against whom summary judgment might otherwise be entered is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Mount Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231 (Colo.1984).

In an affidavit submitted in opposition to defendant's motion for summary judgment, plaintiffs' expert, a professional engineer, concluded that the machine was defective in several respects, particularly in the erratic timing of its rotational arm, against which Wayda was found dead. However, the trial court determined that these alleged defects were either obvious or not established by the affidavit. We conclude that, taken in the light most favorable to plaintiffs, the expert's conclusions were sufficient to raise a genuine issue of fact regarding the existence of a hidden defect in the machine. *See Urban v. Beloit Corp., supra.*

Defendant argues that, because Wayda and his co-workers were aware of the rotational arm's erratic functioning, such defect was not "hidden," as contemplated by § 13-80-127.6(1)(b). We disagree.

■ A "defect" does not mean a mere mechanical or functional defect, but one which makes the product unreasonably dangerous. Restatement (Second) of Torts § 402A (1965); *Bradford v. Bendix-Westinghouse Automotive Air Brake Co.*, 33 Colo.App. 99, 517 P.2d 406 (1973). Consequently, for a product to contain a "hidden defect" within the meaning of § 13-80-127.6(1)(b), it must have a defect that creates an unreasonably dangerous condition which is not readily apparent. Thus, although a functional flaw in the thermoforming machine may have been obvious, it may not have been obvious that such malfunction constituted an unreasonable danger to the user.

Whether a product is unreasonably dangerous because of a defect is generally a question of fact to be determined by the trier of fact. *Camacho v. Honda Motor Co.*, 701 P.2d 628 (Colo.App.1985). Whether an alleged unreasonably dangerous defect is hidden or obvious is also properly a question for the trier of fact. *See Bolm v. Triumph Corp.*, 33 N.Y.2d 151, 305 N.E.2d 769, 350 N.Y.S.2d 644 (1973); *Krugh v. Miehle Co.*, 503 F.2d 121 (6th Cir.1974); *Kozlowski v. John E. Smith's Sons Co.*, 87 Wis.2d 882, 275 N.W.2d 915 (1979); *Liberty Mutual Insurance Co. v. Rich Ladder Co.*, 441 N.E.2d 996 (Ind.App.1982). The trial court thus erred in concluding that no material issue of fact remained to be determined. *See Roberts v. May*, 41 Colo.App. 82, 583 P.2d 305 (1978).

■ Defendant also argues that determination of whether the defect was hidden requires an objective standard, *i.e.*, that the dangerous condition was not discoverable upon reasonable inspection by an ordinary user. *See, e.g., Ragsdale v. K–Mart Corp.*, 468 N.E.2d 524 (Ind.App.1984). However, we conclude that the appropriate standard is one based upon Wayda's actual awareness of the dangerous condition of the machine. *See Urban v. Beloit Corp., supra; see also Anderson v. Heron Engineering Co.*, 198 Colo. 391, 604 P.2d 674 (1979).

■ Therefore, genuine issues of material fact still exist regarding the presence of a defect in the machine, whether such de-

fect was unreasonably dangerous, and whether such danger was hidden. Also, a genuine issue of fact still remains as to whether Wayda's death was caused by a hidden defect or by a risk of which he was aware. Hence, summary judgment was inappropriate. *See Urban v. Beloit Corp., supra;* C.R.C.P. 56(c).

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

METZGER, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting.

I respectfully dissent. There is no genuine issue as to any material fact, and the trial court properly granted summary judgment for the manufacturer, defendant Comet International Corporation (Comet).

When a party moving for summary judgment relies upon a statute and has established all of the facts necessary to receive the statute's protection, and the opposing party relies upon an exception to the statute, then the burden shifts to the opposing party to set forth specific facts, admissible in evidence and based on personal knowledge of the affiant, that would bring the case within the exception. C.R.C.P. 56; *Sullivan v. Davis,* 172 Colo. 490, 474 P.2d 218 (1970). *See also Norton v. Dartmouth Skis, Inc.,* 147 Colo. 436, 364 P.2d 866 (1961).

Here, it is undisputed that the machine when sold to Wayda's employer was "new manufacturing equipment," and that this lawsuit was "brought on a claim arising more than ten years after such equipment was first used for its intended purpose by someone not engaged in the business of manufacturing, selling, or leasing such equipment." Therefore, plaintiffs' claims against Comet are barred under § 13–80–127.6(1)(b), C.R.S. (the statute of repose) in effect at the time these claims arose, unless plaintiffs met their burden of showing that the case fell within the exception for hidden defects. *See also* § 13–21–403(3), C.R.S. (1986 Cum.Supp.) (the rebuttable presumption, arising ten years after first

sale, that the product was not defective, that the manufacturer was not negligent, and that all warnings and instructions were proper and adequate).

Plaintiffs contend, in effect, and the majority agrees, that the machine may have been defective, that one or more of these defects may have been hidden, and that such a hidden defect may have been the cause of Wayda's injury and death. Therefore, they argue, there remains a factual controversy under the statute of repose. However, there is no admissible evidence in the record to demonstrate that Wayda's injury or death was caused by any hidden defect in the machine.

Even if the plaintiffs' engineer's conclusion that the machine was defective in the timing of its rotational arm is accepted as fact for summary judgment purposes, that defect was visible and not hidden, and there was no showing that this alleged defect caused the injury. As stated by the three justices dissenting from the majority in *Urban v. Beloit Corp.,* 711 P.2d 685 (Colo.1985):

"Pleading a hidden defect as an exception to the statute of repose without asserting or establishing any factual basis does not defeat the motion for summary judgment in the absence of relevant and specific facts demonstrating that a · real controversy exists as to the exception. Urban has made no showing or even a claim as to what the hidden defect is that caused his injury and that would remove his case from the coverage of the statute of repose."

The summary judgment should be affirmed.